■ In the Matter of NEW YORK STATE RESTAURANT ASSOCIATION, INC., Appellant, v. BOARD OF STANDARDS AND APPEALS OF THE STATE OF NEW YORK et al., Respondents.— In an article 78 [Civ. Prac. Act] proceeding in the nature of certiorari to review and annul a wage order issued by respondent board petitioner appeals from an order of the Supreme Court at Special Term which sustained respondents' special appearance challenging its jurisdiction of their

persons upon the ground that no notice or order to show cause to bring on the proceeding was served in the manner provided by section 1289 of the Civil Practice Act and directing the dismissal of the petition accordingly. Appellant first erroneously filed the petition in this court; thereafter on its motion we removed and transferred it and the hearing thereon to the Special Term of the Supreme Court, Albany County (Civ. Prac. Act, § 110; 17 A D 2d 753); upon reargument we adhered to our original decision and further stated: "We do not pass upon any jurisdictional or other questions that may be properly raised before the Special Term upon proper application." (18 A D 2d 1135.) A brief but in our opinion satisfactory answer to the argument that the filing and service of the petition without more conferred on the court in personam jurisdiction of respondents was given by Special Term: "Jurisdiction of the person of a ° ° ° respondent is obtained by some form of service of process. ° ° ° In the case of an article 78 proceeding, it is by service of a notice of application to a court having jurisdiction, returnable before such court at a definite time and place or by an order to show cause returnable in the same manner." (38 Misc 2d 1023, 1024; *Matter of Carey* v. *Moore,* 244 App. Div. 763; *People ex rel. Northchester Corp.* v. *Miller,* 288 N. Y. 163, mot. for rearg. den. 289 N. Y. 634; Third Annual Report of N. Y. Judicial Council, 1937, pp. 161, 176; 22 Carmody-Wait, New York Practice, § 375, p. 468.) Since petitioner's default was jurisdictional the remedial provisions of section 105 of the Civil Practice Act are unavailing. (*People ex rel. Northchester Corp.* v. *Miller, supra; Arnold* v. *Mayal Realty Co.,* 299 N. Y. 57, 60.) Appellant can draw no succor from our prior decisions on a "law of the case" theory since, as already noted, we not only expressly declined to pass upon any jurisdictional question by reserved to respondents the right to raise such at Special Term upon an appropriate application. Order affirmed, with $10 costs. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.