In the Matter of COMMON COUNCIL OF THE CITY OF GLOVERS-
VILLE, Petitioner, v TOWN BOARD OF THE TOWN OF JOHNS-
TOWN, Respondent.

Third Department, January 19, 1989

### APPEARANCES OF COUNSEL

*Englert, Stillman & McHugh* for petitioner.

*Wood, Holtzworth & Seward (David R. Seward* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

In March 1988, an annexation petition was filed, pursuant to General Municipal Law § 703, seeking to annex to the City of Gloversville, Fulton County, a 7.4-acre tract of nonresidential property currently situated in the Town of Johnstown, Fulton County. In accordance with General Municipal Law § 705, a joint public hearing was held before petitioner and respondent. Following the hearing, petitioner enacted a resolution approving the annexation. Respondent, however, enacted a resolution and order which concluded that the annexation petition was not in compliance with General Municipal Law § 703 and that, moreover, the proposed annexation was not in the over-all public interest. Petitioner thereupon sought to commence a special proceeding in this court, pursuant to General Municipal Law § 712 (1), by service upon respondent of a "Notice of Appeal" and petition. Respondent's answer contained an objection in point of law averring that this court lacked personal jurisdiction of respondent inasmuch as petitioner had failed to properly commence this special proceeding by service of a notice of petition or order to show cause as required by CPLR 304 and 403.

Petitioner has also commenced a CPLR article 78 proceeding in Supreme Court to review the determination of respondent that the petition for annexation did not comply with the requirement imposed by General Municipal Law § 703 (1) that it be signed by the owners of a majority in assessed valuation of the real property in the territory to be annexed. Petitioner now moves for an order, pursuant to General Municipal Law § 712 (3), consolidating the article 78 proceeding with the special proceeding purportedly commenced in this court.

We agree with the contention that petitioner has not obtained personal jurisdiction of respondent in this special proceeding in view of the failure to commence the proceeding by service of a notice of petition or order to show cause as required by CPLR 304 and 403.

General Municipal Law § 712 (2) expressly states that a proceeding brought under that section is a special proceeding governed by CPLR article 4. CPLR 304 requires a special proceeding to be commenced by a notice of petition or order to show cause; CPLR 403 (a), in turn, requires that a notice of petition specify the time and place of the hearing. Here, petitioner attempted to commence the proceeding by service of a "Notice of Appeal" which stated, in part, as follows: "PLEASE TAKE NOTICE, that * * * the City of Gloversville hereby *appeals* to the Appellate Division of the Supreme Court, Third Judicial Department, from the Order made herein by [respondent] and entered in the office of the Clerk of the County of Fulton on the 11th day of August, 1988 * * * and this *appeal* is taken from the whole and each and every part of said order" (emphasis supplied).

Nowhere in this notice is the "time and place of the hearing" specified as required by CPLR 403 (a). Indeed, it appears from the notice that petitioner believed that it was initiating an *appeal* from respondent's order disapproving the annexation instead of commencing a *special proceeding* as required by General Municipal Law § 712. The notice therefore failed in its essential purpose of apprising respondent that a judgment was sought against it and that, at a stated time and place, it must appear to answer the petition. Accordingly, personal jurisdiction over respondent was not acquired (CPLR 304, 403; *see, Matter of New York State Rest. Assn. v Board of Stds. & Appeals,* 19 AD2d 912, 913).

Petitioner is correct in its assertion that the CPLR provides for liberal interpretation of practice rules (CPLR 104) and permits courts to allow correction of mistakes, omissions, defects or irregularities (CPLR 2001; *see also,* CPLR 3026). However, while the CPLR is to be liberally construed, the acquisition of personal jurisdiction is a prerequisite to the exercise of a court's discretionary power to correct an irregularity or permit prosecution of a matter brought in an improper form (CPLR 103 [c]; *Gomez v Bobker,* 104 AD2d 790, 790-791; *Matter of New York State Rest. Assn. v Board of Stds. & Appeals, supra; Matter of Szklowin v Planning Bd.,* 115 Misc 2d 1045, 1046; *Asphalt Pavers v Cosentino,* 53 Misc 2d

613, 614). If personal jurisdiction has not been obtained, there is no basis for the exercise of a court's discretion to excuse the error *(Gomez v Bobker, supra,* at 791). Since the notice served by petitioner was jurisdictionally inadequate, the defect is fatal and the proceeding must be dismissed.

In view of the dismissal of the proceeding, petitioner's motion for consolidation should be rendered academic.

KANE, J. P., WEISS, YESAWICH, JR., MERCURE and HARVEY, JJ., concur.

Petition dismissed, and motion denied as academic, without costs.