■ In the Matter of RECYCLE et al., Appellants, v VICTOR LACATENA, Individually and as Chairman of the Broome County Legislature, et al., Respondents. (Proceeding No. 1.) In the Matter of RECYCLE et al., Petitioners, and JOHN SMIGELSKI, Individually and as Chairman of RECYCLE, Appellant, v VICTOR LACATENA, Individually and as Chairman of the Broome County Legislature, et al., Respondents. (Proceeding No. 2.)— Yesawich, Jr., J. Appeals (1) from a judgment of the Supreme Court (Smyk, J.), entered February 14, 1989 in Broome County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition in proceeding No. 1 for, *inter alia,* lack of jurisdiction, and (2) from a judgment of said court, entered August 25, 1989 in Broome County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition in proceeding No. 2 as time barred.

Respondent Broome County Legislature (hereinafter the Legislature) was designated as lead agency for a proposed Broome County Resource Recovery Agency project, a solid waste management facility. After accepting an environmental impact statement (hereinafter EIS) *(see,* ECL 8-0109), the Legislature by resolution dated June 15, 1988 adopted a findings statement formally approving the proposed project; thereafter, it agreed to a contract whereby Broome County would deliver solid waste to the facility after construction was completed.

John Smigelski, individually and as chairman of RECYCLE, Mary Knapp, Helen Bielecki, Citizens Action and RECYCLE,

a group of citizens concerned with promoting solid waste planning in Broome County, attempted to commence a CPLR article 78 proceeding to annul the Legislature's determination to approve the proposed project and to compel it to follow the statutorily prescribed State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) procedures. Respondents' answer alleged that because the notices of petition furnished to them bore inaccurate or blank return dates, Supreme Court lacked personal jurisdiction over respondents. The petition was accordingly dismissed, and this disposition has been appealed.

Thereafter, RECYCLE and Smigelski, individually and in his capacity as chairman of RECYCLE, served a second notice of petition and petition. Asserting that the Statute of Limitations (CPLR 217) had run, respondents moved to dismiss the second petition. In response, petitioners maintained that the four-month Statute of Limitations had been extended by reason of CPLR 205 and further that they were advancing new and timely causes of action. Supreme Court found CPLR 205 inapplicable because the first proceeding was not "timely commenced", determined that no new causes of action had been pleaded and dismissed this petition. Only Smigelski appeals from this second disposition.

"A special proceeding is commenced and *jurisdiction acquired* by service of a notice of petition" (CPLR 304 [emphasis supplied]). The notice of petition must specify the time and place of the scheduled hearing (CPLR 403 [a]) and be served on the adverse party at least 20 days before the time at which the petition is to be heard (CPLR 7804 [c]). It is undisputed that here petitioners' notice of petition in the first proceeding which was sought to be instituted failed to comply with these statutory directives. The notices neglected to apprise respondents of when they were required to appear to answer the petition. Personal jurisdiction not having been acquired over respondents, the first petition was quite rightly dismissed *(see, Matter of Common Council v Town Bd.,* 144 AD2d 90, 92; *Matter of New York State Rest. Assn. v Board of Stds. & Appeals,* 19 AD2d 912, 913).

And while a court may, as petitioners suggest, correct minor pleading irregularities and omissions *(see,* CPLR 2001, 2101 [f]), personal jurisdiction must first be obtained over the parties before a court is at liberty to exercise that discretionary power *(see, Matter of Common Council v Town Bd., supra,* at 92-93; *Gomez v Bobker,* 104 AD2d 790, 791; *Matter of New*

*York State Rest. Assn. v Board of Stds. & Appeals, supra,* at 913).

A necessary predicate for application of CPLR 205 (a) is that the first petition must have been timely commenced. That is not the circumstance here. The first petition was dismissed for lack of personal jurisdiction; hence, the first proceeding had not been commenced for CPLR 205 (a) purposes *(see, Markoff v South Nassau Community Hosp.,* 61 NY2d 283, 288). And as the notice of petition in the second proceeding was served more than four months after the Legislature approved the project, Supreme Court properly dismissed, as time barred, those causes of action which had been previously advanced in the miscarried first proceeding.

The first and seventh causes of action in the second petition, however, appear to be new in that they contain allegations that the Legislature acted arbitrarily since June 15, 1988, when it released the findings statement. By these causes of action petitioners seek to have Supreme Court order the Legislature to complete a supplemental EIS to address the environmental impacts of changes occasioned by the following: a local law prohibiting disposal of ash, since promulgated by the Town of Kirkwood, which is the site of a landfill where the Legislature intends to dispose of ash residue created by its incinerating facility; new recycling policies; the increased size of the proposed incinerator; and ensuing enhanced emission, transportation, waste tonnage and related problems, allegedly stemming from that increased size. Even assuming these causes of action have substance, they are neither directed at the right entity nor presently ripe for judicial resolution.

When designating the Legislature as lead agency for this project, the Department of Environmental Conservation (hereinafter DEC), not a party to this proceeding, specifically reserved to itself the right to act as lead agency for the preparation of a supplemental EIS during permit application review *(see,* 6 NYCRR part 360). A permit application for the construction of the proposed project is apparently currently pending before DEC. During the permit application process those modifications petitioners claim have occurred in the project since June 15, 1988, the date the findings statement was adopted, will be reviewed *(see generally,* 6 NYCRR 360-1.9 [f]; 360-12.2). Even were DEC properly made a party to this proceeding, it may as yet order a supplemental EIS targeting petitioners' concerns. That being so, that portion of the second petition demanding this relief must be dismissed as it is not

yet ripe for judicial review *(see, Matter of Jamaica Water Supply Co. v Public Serv. Commn.,* 152 AD2d 17, 19).

Judgments affirmed, without costs. Mahoney, P. J., Kane, Casey, Mikoll and Yesawich, Jr., JJ., concur.