■ In the Matter of JACK CAMPISI et al., Petitioners, v VINCENT A. SCELBA, Respondent.—Motion by the respondent

to dismiss a proceeding to remove him from his elected position as Town Supervisor of the Town of Milan, upon the ground that the court lacks jurisdiction over his person.

Ordered that the motion is granted; and it is further,

Adjudged that the proceeding is dismissed, without costs or disbursements.

Public Officers Law § 36 requires that an application for removal "shall be made upon notice to such officer of not less than eight days, *and a copy of the charges upon which the application will be made must be served with such notice"* (emphasis supplied). In the instant case, the respondent was personally served with an undated petition on or about June 28, 1990. Thereafter, the notice of petition alone was purportedly served by mail on July 12, 1990. Personal jurisdiction was not obtained, as the statute governing this type of special proceeding makes it clear that service of the notice of petition and the charges must be made together. Service of the petition alone does not confer jurisdiction in a special proceeding *(see, Matter of New York State Rest. Assn. v Board of Stds. & Appeals,* 19 AD2d 912), nor is it obtained by purported service by mail of the notice alone, as service of a notice of petition must be accomplished in the same manner as a summons *(see,* CPLR 403 [c]; *Matter of DiChiara v Chesworth,* 139 AD2d 647). Mangano, P. J., Thompson, Lawrence, Eiber and Sullivan, JJ., concur.