In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION INC., LOCAL No. 1000 AFSCME, AFL-CIO, by its Local No. 561, et al., Appellants, v WARREN H. ALBRECHT, as Director of Austin MacCormick Center, et al., Respondents. (Proceeding No. 1.)

In the Matter of CIVIL SERVICE EMPLOYEES ASSOCIATION INC., LOCAL No. 1000 AFSCME, AFL-CIO, by its Local No. 449, et al., Appellants, v RICHARD J. THAMASETT, as the Director of Broome Developmental Services, et al., Respondents. (Proceeding No. 2.)

Third Department, June 4, 1992

### APPEARANCES OF COUNSEL

*Chernin & Gold (Sam P. Monachino* of counsel), for appellants.

*Robert Abrams, Attorney-General (Joseph Koczaja* and *Nancy A. Spiegel* of counsel), for respondents.

### OPINION OF THE COURT

HARVEY, J.

These two proceedings are before this court by joint record and brief because the issues involved are identical. The legal issue which had to be resolved by Supreme Court was whether the Uniform Rules for Trial Courts adopted to govern the individual calendar assignments program *(see,* 22 NYCRR 202.6) modified the requirements for service of a notice of petition and petition to commence a proceeding contained in CPLR 403 (a). It should be noticed that the Uniform Rules for Trial Courts state that their provisions should be construed consistently with the CPLR (22 NYCRR 202.1 [d]). Supreme Court held that literal compliance with CPLR 403 (a) was required and we affirm.

Petitioners in these two proceedings claim that their civil service employment was wrongfully terminated. Attempted commencement of CPLR article 78 proceedings against the independent administrative agencies by the service of notices of petition and petitions without stating a return date thereon was jurisdictionally defective. No effective service of a notice of petition with the appropriate return date was timely served upon anyone until such service was made upon an Assistant Attorney-General in proceeding No. 1. However, no service of such a notice of petition was ever made upon the named respondents in that proceeding and therefore timely service upon the Attorney-General did not toll the Statute of Limita-

tions against those parties *(see, Matter of Quogue Assocs. v New York State Dept. of Envtl. Conservation,* 112 AD2d 999, 1000, *lv denied* 67 NY2d 604; 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7804.05a).

Petitioners urge that the failure to include return dates in the notice of petition and petition as required by CPLR 403 (a) is not a jurisdictional defect requiring dismissal of a special proceeding. Nevertheless, this court has consistently rejected such arguments in the past *(see, e.g., Matter of RECYCLE v Lacatena,* 163 AD2d 693; *Matter of Common Council v Town Bd.,* 144 AD2d 90) and we do so again in these cases. In holding as we do, we are nevertheless aware of the awkwardness of complying with both the statute and the Uniform Rules for Trial Courts. The Uniform Rules for Trial Courts establish a procedure which assigns a Judge and a return date of the petition upon the filing of a "Request for Judicial Intervention". Nevertheless, in order for a petitioner to bring the matter before the court he is first required to timely serve a notice of petition and petition with a return date in accordance with the CPLR. If the notice of petition must be amended after a return date is assigned by the clerk of the court, then this is a step that must be taken. While parties such as petitioners might not favor these requirements, it is not within our powers to make a change.

It is undisputed that if no personal jurisdiction was obtained, the Statute of Limitations became a complete bar in both proceedings.

WEISS, P. J., YESAWICH JR., CREW III and CASEY, JJ., concur.

Ordered that the judgments are affirmed, without costs.