■ In the Matter of DEBORAH KALINSKY, Respondent, v STATE UNIVERSITY OF NEW YORK AT BINGHAMTON, Appellant. —Levine, J. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered March 3, 1992 in Broome County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent finding petitioner guilty of plagiarism.

On a previous appeal in this matter *(Matter of Kalinsky v State Univ.,* 161 AD2d 1006), we affirmed the judgment of Supreme Court insofar as it annulled respondent's determination finding petitioner guilty of plagiarism, but modified the judgment by remitting the matter to respondent for a new disciplinary hearing. A new hearing was held before respondent's Harpur College Academic Committee (hereinafter the Committee) which, upon a majority vote of its members, again found petitioner guilty.

The minutes from the hearing, containing a summary of the testimony, the documentary evidence and the Committee's explanation for its finding, were forwarded to the Associate Dean, who concurred with the Committee's finding of guilt. Petitioner's appeal to the Dean of Arts and Sciences was denied.

Petitioner then commenced this CPLR article 78 proceeding to review the determination, claiming a violation of her right to procedural due process. Respondent submitted objections in point of law for dismissal of the petition on the ground that the notice of petition failed to include a return date and, thus, was jurisdictionally defective. Supreme Court denied the objections. Following respondent's submission of an answer, Supreme Court ruled that the Associate Dean's mere concurrence with the Committee's determination and failure to point to the evidence upon which he relied deprived petitioner of due process. Respondent appeals from Supreme Court's annulment of its determination.

We reverse and dismiss the petition. It is now completely settled law that the failure to include a return date in a notice of petition as required by CPLR 403 (a) is a jurisdictional defect requiring dismissal of a special proceeding such as the instant CPLR article 78 proceeding *(see, Matter of Civil Serv. Empls. Assn. v Albrecht,* 180 AD2d 183, 185, *lv denied* 80 NY2d 761; *Matter of RECYCLE v Lacatena Inc.,* 163 AD2d 693, 694).

Supreme Court was not authorized to cure this jurisdictional defect in the petition by ruling that its jurisdiction over the determination challenged herein existed by virtue of it having retained jurisdiction over the parties and the subject matter when this Court remitted to respondent for a hearing in the original proceeding. Clearly, this Court's remittal of the previous appeal was for a *de novo* determination, and any judicial review of the new determination can only be had in a new CPLR article 78 proceeding *(see, Matter of Sofair v State Univ. of N. Y. Upstate Med. Ctr. Coll. of Medicine,* 44 NY2d 475, 479). It is, therefore, unnecessary for us to address the merits of respondent's determination on this appeal. We also decline petitioner's request to consider the timeliness of her second proceeding challenging the same determination of respondent.

Yesawich Jr., J. P., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.