■ In the Matter of CHARLES V. FIGARO, Appellant, v NEW YORK STATE AND LOCAL RETIREMENT SYSTEMS et al., Respondents. [610 NYS2d 366] —White, J. Appeal from a judgment of the Supreme Court (Kahn, J.), entered November 18, 1992 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for lack of jurisdiction.

Petitioner sought to commence this CPLR article 78 proceeding on February 10, 1992, by serving a notice of petition and petition by certified mail on both respondent New York State and Local Retirement Systems and the Attorney-General. Respondents moved to dismiss the petition on the grounds, *inter alia,* that petitioner did not acquire personal jurisdiction as the service of the notice of petition and petition was by certified mail and the date and time of the hearing were not set forth in the notice of petition. Supreme Court granted the motion, thereby giving rise to this appeal by petitioner.

We affirm. We recently reiterated the law that the failure to indicate a return date in a notice of petition as required by CPLR 403 (a) is a jurisdictional defect requiring the dismissal of a special proceeding *(see, Matter of Kalinsky v State Univ.,* 188 AD2d 810, 811, *lv denied* 81 NY2d 711; *Matter of Civil Serv. Empls. Assn. v Albrecht,* 180 AD2d 183, 185, *lv denied* 80 NY2d 761). Even if this defect was not present, dismissal would still be mandated because the service of process upon a State officer by certified mail was not authorized until January 1, 1993 *(see,* CPLR 307 [2], as amended by L 1992, ch 44, § 1). Furthermore, because petitioner did not comply with the specific mandates of CPLR 312-a, he cannot take advantage of

that statute *(see, Feinstein v Bergner,* 48 NY2d 234, 241). Nor can he take advantage of CPLR 306-b (b), for that statute only applies to proceedings commenced after July 1, 1992 *(see,* L 1992, ch 216, § 27). Lastly, the failure of petitioner to obtain personal jurisdiction over respondents has resulted in this proceeding being barred by the Statute of Limitations.

Cardona, P. J., Mercure, Casey and Weiss, JJ., concur. Ordered that the judgment is affirmed, without costs.