■ In the Matter of PATSY P. VETRONE et al., Appellants, v F. GERALD MACKIN, as Supervisor of the Town of Hancock, et al., Respondents. [628 NYS2d 866] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Mugglin, J.), entered June 15, 1994 in Delaware County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition as barred by the Statute of Limitations.

In the summer of 1992 petitioners, owners of real property in the Town of Hancock, Delaware County, obtained conditional approval from the Hancock Town Board to extend a private logging road on their property across Town property to a Town road. Problems subsequently developed, including a boundary

line dispute with a neighbor, and petitioners failed to comply with the conditions set by the Board. Petitioners allege, and respondents did not dispute on the argument before Supreme Court, that the Board suspended its permission to extend the private road by decision dated December 3, 1993.

On March 11, 1994, petitioners filed a notice of petition and petition, pursuant to CPLR article 78, together with a $170 filing fee at the County Clerk's office. The petition sought, *inter alia*, to annul the decision of the Board dated December 3, 1993 "suspending the license granted to extend a private road". However, the notice of petition and petition filed and served did not contain a return date. The attorney for respondents advised petitioners that the return date was missing and on March 31, 1994, petitioners filed a new notice of petition and petition containing a return date at the County Clerk's office under the same index number but without paying another $170 filing fee. On April 6, 1994, respondents moved to dismiss the petition on the ground, *inter alia*, that the Statute of Limitations had run.

Supreme Court granted respondents' motion to dismiss, finding that the original notice of petition and petition filed March 11, 1994 and the copies thereof served on respondents did not contain a return date and thus were jurisdictionally defective and a nullity. The court also found that the second filing and service of a notice of petition and petition under the same index number and containing a return date was fatally defective for failure to pay an additional $170 filing fee as required by CPLR 304 and 306-a (a). Supreme Court concluded that as no proceeding was properly commenced within four months of December 3, 1993, the operative date claimed by petitioners, the Statute of Limitations barred judicial review of the Board's decision. Petitioners have appealed to this Court.

The original filing and service of the notice of petition and petition was jurisdictionally defective for lack of a return date, and the second filing and service of the notice of petition and petition containing a return date but without paying an additional $170 filing fee was fatally defective and also did not commence this proceeding. The order of Supreme Court should be affirmed.

Prior to the amendment of CPLR 304 (L 1992, ch 216), a proceeding was commenced by service of a notice of petition and personal jurisdiction was acquired at that time. Under that version of CPLR 304, service of a notice of petition without a return date precluded the acquisition of personal jurisdiction over a respondent requiring dismissal of the petition (*see, Mat-*

ter of *Figaro v New York State & Local Retirement Sys.*, 203 AD2d 678, *lv denied* 84 NY2d 801; *Matter of RECYCLE v Lacatena*, 163 AD2d 693, 694; *see also, Matter of Kalinsky v State Univ. of N. Y.*, 188 AD2d 810, 811, *lv denied* 81 NY2d 711). Under CPLR 304 as amended, a proceeding is commenced by filing, but personal jurisdiction is not obtained until service is effected (*see, Matter of New York State Rest. Assn. v Board of Stds. & Appeals*, 19 AD2d 912, 913). Thus, lacking jurisdiction over the person of respondents, the petition herein was properly dismissed. Additionally, while correction of mistakes, omissions, defects or irregularities (*see,* CPLR 2001) are in some situations permitted, "acquisition of personal jurisdiction is a prerequisite to the exercise of a court's discretionary power to correct an irregularity or permit prosecution of a matter brought in an improper form" (*Matter of Common Council v Town Bd.*, 144 AD2d 90, 92; *see, Matter of RECYCLE v Lacatena, supra,* at 694).

Petitioners' second petition was never commenced because petitioner failed to meet the filing requirements for purposes of CPLR 304. CPLR 304 provides that "filing shall mean the delivery of the [notice of petition] to the clerk together with any fee required". The Statute of Limitations will not be tolled absent both delivery and payment (*see,* CPLR 203 [c] [claim is interposed, so as to toll Statute of Limitations, only by filing]; *see also,* CPLR 306-a [a]). As the filing fee was not paid with the second filing, the proceeding was not commenced within the statutory time which expired on April 3, 1994. Consequently, judicial review of the merits of the intended proceeding is barred by the Statute of Limitations.

Crew III, Yesawich Jr., Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.