■ In the Matter of JOANN L. GROVER et al., Appellants, v BRIAN J. WING, as Commissioner of State Department of Social Services, et al., Respondents. [667 NYS2d 785] —Carpinello, J. Appeal from a judgment of the Supreme Court (Ellison, J.), entered May 8, 1997 in Chemung County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of personal jurisdiction.

Chemung County Department of Social Services (hereinafter the Agency) assigned petitioners to participate in designated JOBS programs as a condition of their eligibility for continued receipt of Aid to Dependant Children (hereinafter ADC) benefits and food stamps. Subsequently, petitioner Joann L. Grover was dismissed from her assigned community work experience program (hereinafter CWEP) for absenteeism and petitioner Linda Kachuroi failed to attend a CWEP appointment to demonstrate her participation in the JOBS program. As a result, petitioners' needs were eliminated from their ADC grants until they complied with JOBS program requirements

and Grover's food stamp benefits were terminated for two months on the ground that she willfully and without good cause failed to participate in the assigned CWEP. Petitioners thereafter commenced this proceeding as a putative class action seeking to annul the determination on the ground that respondents assigned them to CWEP without first obtaining a determination as to the prevailing rates of pay in accordance with 18 NYCRR 385.12 (k) (6). Supreme Court dismissed the proceeding for lack of personal jurisdiction and petitioners appeal.

Petitioners contend that this claim was brought as a plenary action, rather than as a CPLR article 78 proceeding, and that therefore their service of a summons rather than a notice of petition or an order to show cause sufficed to confer personal jurisdiction over respondents. We disagree. Alleging that in reducing their benefits respondents acted arbitrarily and capriciously and applied a policy that violated their constitutional rights and an Agency regulation, petitioners seek a judgment pursuant, *inter alia*, to CPLR 7801 annulling the Agency's determination. Inasmuch as such issues are properly raised in the context of a CPLR article 78 proceeding rather than in a plenary action (*see, DiMiero v Livingston-Steuben-Wyoming County Bd. of Coop. Educ. Servs.*, 199 AD2d 875, *lv denied* 83 NY2d 756), we find that the claim was in essence one brought pursuant to CPLR article 78. Accordingly, petitioners' failure to serve respondents with a notice of petition or an order to show cause reflecting a proper return date was a jurisdictional defect and the petition was properly dismissed (*see, Matter of Vetrone v Mackin*, 216 AD2d 839; *Matter of Kalinsky v State Univ.*, 188 AD2d 810, *lv denied* 81 NY2d 711).

We have reviewed petitioners' remaining contentions and find them to be without merit.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.