■ In the Matter of JACK R. HAWKINS, Appellant, v H. CARL McCALL, as Comptroller of the State of New York, Respondent. [718 NYS2d 98] —Peters, J. Appeal from a judgment of the Supreme Court (Malone, Jr., J.), entered August 5, 1999 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition for lack of personal jurisdiction.

Petitioner commenced this CPLR article 78 proceeding challenging a determination of respondent which denied his claim for accidental disability retirement benefits. Respondent moved to dismiss the proceeding on the ground that the failure to specify the return date of the proceeding in the notice of petition precluded the acquisition of personal jurisdiction over him. Finding that the absence of a return date in the notice of petition was a noncurable jurisdictional defect, Supreme Court granted the motion and dismissed the proceeding. Petitioner appeals.

We affirm. It is now well settled that the failure to include a proper return date in a notice of petition as required by CPLR 403 (a) constitutes a jurisdictional defect which renders the petition subject to dismissal (*see, Matter of Grover v Wing*, 246 AD2d 813; *Matter of Vetrone v Mackin*, 216 AD2d 839; *Matter of Figaro v New York State & Local Retirement Sys.*, 203 AD2d 678, *lv denied* 84 NY2d 801; *see also, Matter of Gershel v Porr*, 89 NY2d 327, 332). Here, Supreme Court appropriately concluded that petitioner's service of a notice of petition which contained no return date was a nullity which did not confer personal jurisdiction over respondent (*see, Matter of Gershel v Porr, supra*, at 332; *Matter of Vetrone v Mackin, supra*, at 841). Contrary to petitioner's contention, the fact that respondent may have acquired actual knowledge of the proper return date when he received a copy of another document filed by petitioner with the Attorney General did not suffice to confer personal jurisdiction over respondent or otherwise cure the fatal defect in the notice of petition (*see generally, Matter of Vetrone v Mackin, supra*, at 841).

Cardona, P. J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.