■ In the Matter of MICHAEL OATES et al., Appellants-Respondents, v VILLAGE OF WATKINS GLEN et al., Respondents, and WAL-MART STORES, INC., Respondent-Appellant. (And Another Related Proceeding.) [736 NYS2d 478] —Mercure, J. Cross appeals from a judgment of the Supreme Court (O'Shea, J.), entered February 14, 2001 in Schuyler County, which, inter alia, dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to review determinations of respondents Village of Watkins Glen Zoning Board of Appeals and Village of Watkins Glen Planning Board granting certain variances and site plan approval for the construction of a discount department store.

In connection with the proposal of respondent Wal-Mart Stores, Inc. (hereinafter Wal-Mart) to build a Wal-Mart Supercenter on an approximately 20-acre parcel of land in the Village of Watkins Glen, Schuyler County, Wal-Mart sought and obtained zoning variances and site plan approval from respondents Village of Watkins Glen Zoning Board of Appeals (hereinafter the ZBA) and Village of Watkins Glen Planning Board (hereinafter the Planning Board). In these separate CPLR article 78 proceedings, petitioners challenge (1) a September 14, 2000 determination of the ZBA granting Wal-Mart parking and signage variances and determining that the Tire Lube Express, a department of the Supercenter devoted to performing automotive oil changes and installing tires, air filters, batteries and wiper blades purchased on the premises, is a permitted use in the Canal Development District as a "[d]iscount retailing operation" (hereinafter the ZBA proceeding), and (2) the Planning Board's determination filed September 19, 2000 approving Wal-Mart's site plan and issuing a negative declaration under the State Environmental Quality Review Act (ECL art 8) (hereinafter SEQRA) (hereinafter the Planning Board proceeding).[1] Wal-Mart, the ZBA and the Planning Board (hereinafter collectively referred to as respondents) sought to dismiss both proceedings as untimely and also based on petitioners' lack of standing. Supreme Court determined

---

1. An earlier proceeding, which challenged a June 13, 2000 ZBA decision, was ultimately dismissed as moot due to the ZBA's rescission of its determination. That proceeding is not at issue here.

that petitioners had standing to bring the proceedings and that the proceedings were timely commenced, but dismissed the petitions on the merits. Petitioners appeal and Wal-Mart cross-appeals.

As a threshold matter, we find merit in Wal-Mart's contention that the proceedings should have been dismissed on statute of limitations grounds. Although it is undisputed that petitioners filed a notice of petition and petition in each of the proceedings within the 30-day statute of limitations provided for in Village Law § 7-712-c (1) and § 7-725-a (11), it also appears that, when filed and also when served on respondents, each of the notices of petition failed to satisfy the express requirement of CPLR 403 (a) that it "specify the time and place of the hearing on the petition." Although the omission is understandable, as it appears that the court clerk directed that the return date be left blank so one could be fixed according to the preference of the assigned judge, and there was no apparent prejudice to respondents, controlling authority constrains the conclusion that the filing and service were ineffective to confer personal jurisdiction. There is no competent evidence to support petitioners' claim that the return date of November 3, 2000 was affixed to the original notices of motion while they were on file with the County Clerk and prior to the expiration of the limitations periods and, in any event, the copies served on respondents failed to reflect any such amendment (*see, Matter of Gershel v Porr*, 89 NY2d 327, 332; *Louden v Rockefeller Ctr. N.*, 249 AD2d 25, 26).

Significantly, this Court has repeatedly held that the filing and service of a notice of petition lacking a return date is "jurisdictionally defective" (*Matter of Vetrone v Mackin*, 216 AD2d 839, 840; *see, Matter of Hawkins v McCall*, 278 AD2d 638, *lv denied* 96 NY2d 713; *Matter of Grover v Wing*, 246 AD2d 813, 814; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C403:2, at 457-458). Furthermore, in *Matter of Fry v Village of Tarrytown* (89 NY2d 714), the Court of Appeals made it clear that if the process filed with the court clerk pursuant to CPLR 304 is not in jurisdictionally valid form, the proceeding is subject to dismissal (*see, id.*, at 717; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C304:3, at 396). Contrary to Supreme Court's conclusion, although some mistakes, omissions, defects or irregularities may be corrected pursuant to CPLR 2001, " 'acquisition of personal jurisdiction is a prerequisite to the exercise of a court's discretionary power to correct an irregularity or permit prosecution of a matter brought in an

improper form' " (*Matter of Vetrone v Mackin, supra,* at 841, quoting *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 144 AD2d 90, 92). We recognize that the interplay between the Individual Assignment System and the current filing system in Supreme and County Courts causes the commencement of a special proceeding to be "burdened with timing and logistical complications" (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C403:2, at 459) and we are by no means pleased with the result reached in this case, but the law appears to permit no other outcome.[2]

There is also merit to respondents' contention that petitioners lacked standing to bring the proceedings. Petitioners are Michael Oates, who owns property situated approximately 530 feet from the proposed Supercenter site, and Citizens for Responsible Development, Inc. (hereinafter CRD), a not-for-profit group organized "for the purpose of preserving and protecting the environment and natural resources of Schuyler County and to contribute toward responsible land use planning in Schuyler County." In the ZBA proceeding, Oates's claim of standing is based solely on the proximity of his property to the proposed Supercenter. In the Planning Board proceeding, he again relies on the location of his property and additionally claims that he would be affected by the environmental impacts of the Supercenter, some decline in police and fire protection and increasing traffic, and "the expected change in the character of the community." The sole basis for Supreme Court's determination that Oates had standing was the proximity of his property to the site.

In our view, Supreme Court properly rejected Oates's claim of standing based on the community-wide effect of the Supercenter. "In land use matters especially, [the Court of Appeals has] long imposed the limitation that the plaintiff, for standing purposes, must show that it would suffer direct harm, injury that is in some way different from that of the public at large * * *" (*Society of Plastics Indus. v County of Suffolk,* 77 NY2d 761, 774 [citations omitted]). In fact, the Court of Appeals has specifically rejected the notion of standing based on a claim, as we have in this case, that a project would "indirectly

---

2. Although offering little solace to petitioners, it is noteworthy that the Legislature has recently made ameliorative changes in the law. Proceedings commenced on or after November 21, 2001 will not suffer from the same burdens and complications as those faced by petitioners because CPLR 304 has been amended to permit a special proceeding to be commenced by the filing of a petition only (L 2001, ch 473, § 1; *see,* Siegel's Practice Review, No. 116, at 1-2 [Dec. 2001]).

affect traffic patterns, noise levels, air quality and aesthetics throughout a wide area" (*id.*, at 775).

Unlike Supreme Court, we also find Oates's claim of standing based on the proximity of his property to the project to be unavailing. Although "an allegation of close proximity alone may give rise to an inference of damage or injury that enables a nearby owner to challenge a zoning board decision without proof of actual injury" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414), "[t]he status of neighbor does not * * * automatically provide the entitlement, or admission ticket, to judicial review in every instance" (*id.*, at 414). The test is whether the neighbor is close enough to suffer some harm other than that experienced by the public generally and "even where petitioner's premises are physically close to the subject property, an ad hoc determination may be required as to whether a particular petitioner itself has a legally protectable interest so as to confer standing" (*id.*, at 414; *see, Matter of Buerger v Town of Grafton*, 235 AD2d 984, 985, *lv denied* 89 NY2d 816).

Here, Oates has not articulated any specific harm that he would suffer based on his proximity to the Supercenter and the record shows that the two properties are separated from one another by at least seven residential lots and a set of railroad tracks. It is also noteworthy that the Tire Lube Express, which is a subject of the ZBA proceeding, is at the opposite side of the Supercenter from Oates's property. Furthermore, in view of the fact that CRD relies upon Oates's membership and the geographical proximity of his property to the Supercenter as the predicate for its standing, CRD fails to satisfy the first of the requirements for organizational standing delineated in *Society of Plastics Indus. v County of Suffolk* (*supra*, at 775), i.e., that one or more of its members have standing to sue.

Even if the proceedings had been timely commenced and one or both of the petitioners had standing to bring the proceedings, we agree with Supreme Court's determination to dismiss the petitions on the merits. Fundamentally, "[t]he courts, in reviewing zoning board actions, 'do not make new or substitute judgments but restrict themselves to ascertaining whether there has been illegality, arbitrariness, or abuse of discretion' " (*Matter of Pelham Esplanade v Board of Trustees of Vil. of Pelham Manor*, 77 NY2d 66, 72, quoting *Matter of Lemir Realty Corp. v Larkin*, 11 NY2d 20, 24). Contrary to petitioners' contention that the ZBA failed to consider the detriment to the community that will result from granting the signage variance and alternatives that might have had less impact, the record

shows that the ZBA considered the five factors set forth in Village Law § 7-712-b (3) (b) and made a well-reasoned decision based on a full consideration of the evidence before it and its members' personal familiarity with the project site and the surrounding areas.

Nor are we persuaded that either the ZBA or the Planning Board violated SEQRA. In deciding whether an administrative Board has conducted a proper SEQRA review, "[t]he relevant question before the court is 'whether the agency identified the relevant areas of environmental concern, took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination' " (*Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 688, quoting *Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417). Notably, petitioners' challenges to the variances granted by the ZBA on June 13, 2000 were rendered moot by the ZBA's subsequent annulment of that determination. Further, at the time of the ZBA's September 14, 2000 determination, the Planning Board had already made a negative declaration, which bound the ZBA as an "involved agency" (6 NYCRR 617.6 [b] [3] [iii]).

Our review of the record also indicates that in making its negative declaration, the Planning Board complied with the three-pronged test enunciated by the Court of Appeals in *Matter of Gernatt Asphalt Prods. v Town of Sardinia* (*supra*) and codified at 6 NYCRR 617.7 (b) by identifying the relevant areas of environmental concern, taking the required "hard look" and making a "reasoned elaboration" of the basis for its findings. The review was extensive, considering, among other things, a wide array of noise, traffic, environmental, archeological and aesthetic reports.

Finally, we perceive no basis for disturbing the ZBA's determination that the Tire Lube Express was a permitted use in the Canal Development District. Under the Village's Local Law No. 1-1994, permitted uses within the Canal Development District include "[s]pecialty retail and personal service uses," "[d]iscount retailing operations" and "[l]ight industry." The Comprehensive Plan for the Village of Watkins Glen, as revised in July 1995, permits "a variety of uses" that "include, but are not limited to: light industrial, commercial, recreational, residential, agricultural, professional and water related uses." The ZBA rationally determined that the Tire Lube Express fit within the permitted use of "discount retailing operations." We are not at all persuaded by petitioners' reliance on cases where other zoning boards, in applying different zoning ordinances to sharply distinguishable facts, have disallowed mixed retail and

automotive uses as constituting automobile service stations with an incidental retail use (*cf., Matter of Hassett v Horn*, 23 NY2d 745; *Matter of Posner v Wohlpart*, 19 NY2d 772).

Petitioners' remaining contentions have been considered and found to be unavailing.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.