■ In the Matter of NEIL LAMB, Petitioner, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, Respondent. [745 NYS2d 245] —Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which permanently revoked petitioner's teaching certification.

In October 1995, petitioner, a teacher in the Hamilton Central School District, was suspended from his position for, inter alia, having inappropriate contact with his students. In November 1995, a Madison County grand jury returned a 48-count indictment containing charges stemming from, inter alia, the same conduct; he was ultimately acquitted of all these charges.

On April 11, 1997, pursuant to Education Law § 305 (7) and 8 NYCRR part 83, respondent served petitioner with a notice of substantial question as to moral character grounded upon these allegations. Pursuant to 8 NYCRR 83.4, a hearing was

held before a three-member panel to determine whether petitioner's teaching certificate should be revoked. The Hearing Panel found, with one member dissenting, that petitioner was guilty of, inter alia, excessive physical touching with his students. Based upon its findings, the majority recommended that petitioner's teaching certification be suspended; the dissenter argued for revocation. Upon petitioner's appeal, respondent rejected the Hearing Panel's conclusion that petitioner's conduct was not sexually motivated and found that he engaged in inappropriate sexual conduct warranting the revocation of his certification.

Petitioner commenced this CPLR article 78 proceeding by the filing and service of both a notice of petition and petition, yet failed to include a return date in the notice. Respondent moved to dismiss the petition for a failure to acquire personal jurisdiction. While petitioner conceded that the notice of petition did not contain a return date, he stated that counsel had advised the Attorney General of the return date at least 20 days prior thereto. Supreme Court considered these factors and concluded that, due to the absence of prejudice, petitioner's failure to have included a return date in compliance with CPLR 403* was a "mere irregularity." Accordingly, it denied the motion and transferred the matter to this Court pursuant to CPLR 7804 (g).

We first address the order which denied respondent's motion to dismiss this proceeding on statute of limitations grounds (*see*, CPLR 7804 [g]). We have "repeatedly held that the filing and service of a notice of petition lacking a return date is 'jurisdictionally defective'" (*Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 759, quoting *Matter of Vetrone v Mackin*, 216 AD2d 839, 840; *see*, *Matter of Hawkins v McCall*, 278 AD2d 638, *lv denied* 96 NY2d 713). While we recognized in *Matter of Oates v Village of Watkins Glen* (*supra*) that a failure to include a return date as an accommodation to the court is wholly understandable, "controlling authority constrains the conclusion that the filing and service were ineffective to confer personal jurisdiction" (*id.* at 759). Thus, Supreme Court's characterization of the defect as a "mere irregularity," even in the absence of prejudice (*see*, *Matter of Hawkins v McCall*, *supra* at 638), cannot be condoned by us nor corrected pursu-

---

* Notably, the Legislature has amended CPLR 304 to permit a special proceeding to be commenced by the filing of a petition only (*see*, L 2001, ch 473, § 1). However, this amendment had no effect in this proceeding since petitioner commenced this matter on October 3, 2000, well before the amendment's effective date of November 21, 2001.

ant to CPLR 2001, since personal jurisdiction is a prerequisite to the court's exercise of its discretionary authority (*see, Matter of Vetrone v Mackin, supra* at 841). Lacking jurisdiction, we shall not assess the merits. Accordingly, we must reverse the denial of respondent's motion to dismiss.

Mercure, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Adjudged that respondent's motion to dismiss is granted, without costs, and petition dismissed.