■ In the Matter of FINGER LAKES ZERO WASTE COALITION, INC., Appellant, v JOE MARTENS, as Commissioner of Environmental Conservation, et al., Respondents. [944 NYS2d 336]—

Spain, J. Appeal from a judgment of the Supreme Court (Devine, J.), entered July 12, 2011 in Albany County, which, in a combined proceeding pursuant to CPLR article 78 and an action for declaratory judgment, dismissed the petition/complaint.

Respondent Casella Waste Services of Ontario, LLC operates, via a lease agreement with the County of Ontario, the Ontario County Landfill, located in the City of Canandaigua, Ontario County. In March 2010, respondent Board of Supervisors of Ontario County (hereinafter the Board) submitted an application to the Department of Environmental Conservation (hereinafter DEC) seeking to modify the landfill's existing operating

permit to allow excavation of soil, to be used as cover for the landfill, from a 9.9-acre parcel of land, known as the soil borrow area. In October 2010, after the Board completed environmental review of the proposed project under the State Environmental Quality Review Act (*see* ECL art 8), including preparation of a noise assessment demonstrating compliance with the noise policy and the standards set forth in 6 NYCRR 360-1.14 (p), it issued a negative declaration and, following consideration of comments by the parties, DEC approved the permit modification. Thereafter, Casella began work on the project.

Petitioner—a not-for-profit organization committed to promoting air and water quality, waste reduction and responsible recycling in the Finger Lakes Region of the state—commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment against respondent Commissioner of Environmental Conservation, the Board and Casella, alleging that DEC abused its discretion in approving the noise assessment and seeking, among other things, a declaration that the approved permit modification is null and void. Following oral argument, Supreme Court found that petitioner lacked standing and dismissed the petition. Petitioner now appeals.

We affirm. For an organization to have standing to bring a CPLR article 78 proceeding challenging administrative decision making, it must show that "one or more of its members would have standing to sue[,] . . . that the interests it asserts are germane to its purposes so as to satisfy the court that it is an appropriate representative of those interests . . . [and] that neither the asserted claim nor the appropriate relief requires the participation of the individual members" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]; *see Matter of Save the Pine Bush, Inc. v Planning Bd. of Town of Clifton Park*, 50 AD3d 1296, 1297 [2008], *lv denied* 10 NY3d 716 [2008]; *Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs*, 46 AD3d 979, 982 [2007], *lv denied* 10 NY3d 706 [2008]). At issue here is the first part of petitioner's burden, i.e., to demonstrate, in the context of a land use matter, that one of its members has or will "suffer direct harm, injury that is in some way different from that of the public at large" (*Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 774; *accord Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 304 [2009]).

Petitioner contends that one of its members, Katherine Bennett Roll, has standing as an individual by virtue of the proximity of her property—4,000 feet—from the soil borrow area. While

a neighbor's close proximity to the subject property may give rise to an inference of injury sufficient to confer standing upon that neighbor in the absence of proof of actual injury (*see Matter of Cade v Stapf*, 91 AD3d 1229, 1231 [2012]; *Matter of Mack v Board of Appeals, Town of Homer*, 25 AD3d 977, 978 [2006]; *Matter of Manupella v Troy City Zoning Bd. of Appeals*, 272 AD2d 761, 762 [2000]), our precedents clearly guide us that, ordinarily, a distance of 4,000 feet from the proposed project is not close enough to give rise to the presumption that the neighbor is or will be adversely affected by the proposed project (*see Matter of Gallahan v Planning Bd. of City of Ithaca*, 307 AD2d 684, 685 [2003], *lv denied* 1 NY3d 501 [2003] [no presumption at 700 feet]; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 760-761 [2002] [no presumption at 530 feet]; *Matter of Buerger v Town of Grafton*, 235 AD2d 984, 985 [1997], *lv denied* 89 NY2d 816 [1997] [no presumption at 600 feet]; *Matter of Burns Pharm. of Rensselaer v Conley*, 146 AD2d 842, 844 [1989] [no presumption at 1,000 feet]).*

Further, petitioner failed to identify an actual injury that Roll will suffer if the borrow area project continues that is distinct from harm experienced by the general public (*see Matter of Save the Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d at 304). Petitioner asserts that damage to Roll's property has already been established because Roll's property is included in a "property protection plan" meant to compensate residential landowners residing within three quarters of a mile from the landfill for the decrease in their property values resulting from their proximity to the landfill. Any inference of property damage to be drawn from that fact, however, relates to the landfill itself, which is approximately 600 feet closer to Roll's property than the soil borrow area. Further, Roll's affidavit stating that she can presently hear some noise from the landfill does not indicate if, or to what extent, the noise level changed in November 2010 once work began in the soil borrow area. Roll's generalized assertions that the project will increase her exposure to noise and dust are insufficient to demonstrate that

---

* To the extent that petitioner relies on *Matter of Save the Pine Bush, Inc. v Common Council of City of Albany* (13 NY3d 297 [2009], *supra*), such reliance is misplaced. There, the Court of Appeals did not remove the requirement that a member of the organization seeking standing experience actual harm, but, rather, held that such harm can be proven by a direct interference with an individual's ability to experience and enjoy a natural resource, even if that individual does not live in close proximity to that resource, so long as the individual can demonstrate that he or she regularly uses the area to be impacted (*id.* at 305). Here, petitioner is not alleging interference with Roll's use and enjoyment of the soil borrow area.

she will suffer damages that are distinct from those suffered by the public at large (*see Matter of Powers v De Groodt*, 43 AD3d 509, 513 [2007]; *Matter of Oates v Village of Watkins Glen*, 290 AD2d at 760-761; *Matter of Save Our Main St. Bldgs. v Greene County Legislature*, 293 AD2d 907, 908-909 [2002], *lv denied* 98 NY2d 609 [2002]). Having failed to establish that Roll has standing to sue, petitioner also lacks standing (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 775).

Mercure, J.P., Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.