■ In the Matter of TUXEDO LAND TRUST, INC., et al., Appellants, v TOWN BOARD OF TOWN OF TUXEDO et al., Respondents. [977 NYS2d 272]—

In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town Board of the Town of Tuxedo dated November 22, 2010, which, among other things, approved a findings statement pursuant to the State Environmental Quality Review Act (ECL art 8) and approved an amend-

ment to a 2004 special permit and preliminary plat approval in connection with a proposed development project, and action for related declaratory relief, the petitioners/plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (Lefkowitz, J.), entered March 5, 2012, as granted those branches of the motion of the respondents/defendants Town Board of Town of Tuxedo, Planning Board of Town of Tuxedo, David Maikisch, and Town of Tuxedo, and the separate motion of the respondent/defendant Tuxedo Reserve Owner, LLC, which were pursuant to CPLR 3211 (a) (3) and 7804 (f) to dismiss the first through fifth and twelfth causes of action insofar as asserted against each of them for lack of standing.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as granted those branches of the motions which were pursuant to CPLR 7804 (f) to dismiss so much of the first through fifth and twelfth causes of action as sought relief pursuant to CPLR article 78 is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents/defendants appearing separately and filing separate briefs.

Tuxedo Reserve Owner, LLC (hereinafter the owner), owns a parcel of approximately 2,400 acres of land in the Town of Tuxedo which is the subject of this hybrid proceeding and action. In 2004, following review pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), the Town Board of the Town of Tuxedo (hereinafter the Town Board) granted the owner a special permit and preliminary plat approval permitting a mixed use development of more than 1,000 dwelling units as well as nonresidential development. In 2007 the owner applied for amendments, which were granted. In this hybrid proceeding and action, the petitioners/plaintiffs (hereinafter the petitioners) challenge the granting in 2010 of a third application for amendments, after review of certain aspects of the amendments pursuant to SEQRA. In the order and judgment appealed from, the Supreme Court granted those branches of the separate motions of the respondents/defendants which were to dismiss, insofar as asserted against each of them, the first through fifth and twelfth causes of action, each of which allege violations of SEQRA, on the ground that the petitioners lacked standing to assert those causes of action.

To establish standing under SEQRA, a petitioner must show (1) an environmental injury that is in some way different from

that of the public at large, and (2) that the alleged injury falls within the zone of interests sought to be protected or promoted by SEQRA (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 772-774 [1991]; *Matter of Village of Chestnut Ridge v Town of Ramapo*, 45 AD3d 74, 89-90 [2007]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 652 [2007]). An injury in fact may be inferred from a showing of close proximity of the petitioner's property to the proposed development (*see Matter of Gernatt Asphalt Prods. v Town of Sardinia*, 87 NY2d 668, 687 [1996]; *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals of Town of N. Hempstead*, 69 NY2d 406, 414 [1987]). Generally, the relevant distance is the distance between the petitioner's property and the actual structure or development itself, not the distance between the petitioner's property and the property line of the site (*see Matter of Gallahan v Planning Bd. of City of Ithaca*, 307 AD2d 684 [2003]; *see also Matter of Barrett v Dutchess County Legislature*, 38 AD3d at 654; *Matter of Ziemba v City of Troy*, 37 AD3d 68, 71 [2006]). Here, the individual petitioners' properties were not located in sufficient proximity to the proposed development to give rise to standing (*see Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651 [2007]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590 [2005]; *Matter of Rediker v Zoning Bd. of Appeals of Town of Philipstown*, 280 AD2d 548 [2001]). Their remaining contentions are without merit.

Since the standing of the petitioner organizations—Tuxedo Land Trust, Inc., and the Torne Valley Preservation Association—is dependent upon the standing of the individual petitioners (*see Matter of Finger Lakes Zero Waste Coalition, Inc. v Martens*, 95 AD3d 1420, 1421 [2012]; *Matter of Bloodgood v Town of Huntington*, 58 AD3d 619, 622 [2009]), the petitioner organizations also lack standing.

Therefore, the Supreme Court properly granted those branches of the separate motions of the respondents/defendants which were to dismiss the first through fifth and twelfth causes of action insofar as asserted against each of them for lack of standing. Dillon, J.P., Dickerson, Cohen and Hinds-Radix, JJ., concur.