■ In the Matter of RIVERHEAD NEIGHBORHOOD PRESERVATION COALITION, INC., et al., Appellants, v TOWN OF RIVERHEAD TOWN BOARD et al., Respondents. [977 NYS2d 382]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Town of Riverhead Planning Board, dated December 15, 2011, adopting Resolution No. 0074, granting the application of Knightland, Inc., for site plan approval, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (LaSalle, J.), dated April 23, 2012, as granted that branch of the motion of the Town of Riverhead Town Board and the Town of Riverhead Planning Board which was, in effect, to dismiss the proceeding on the ground that the petitioners lacked standing, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The individual petitioners are Suffolk County residents who are members of the petitioner Riverhead Neighborhood Preservation Coalition, Inc. The petitioners commenced this proceeding to challenge the proposed construction of a regional shopping mall at the intersection of Route 25A and Sound Avenue in Wading River. The individual petitioners live at distances ranging from approximately 1,300 feet to approximately 2,000 feet away from the site of the proposed mall. They allege that they will be harmed by the construction of the proposed mall primarily because Fairway Drive, the road which provides access to their community, is located directly across from the main entrance to the proposed mall. The Town of Riverhead Town Board and the Town of Riverhead Planning Board moved to dismiss the petition on the ground, inter alia, that the petitioners lacked standing. The Supreme Court granted that branch of the motion which was to dismiss the petition on the ground that the petitioners lacked standing, and dismissed the proceeding.

Contrary to the petitioners' contention, the Supreme Court properly concluded that they lacked standing. " '[I]n land use matters . . . the plaintiff[s], for standing purposes, must show that [they] would suffer direct harm, injury that is in some way different from that of the public at large' " (*Matter of Save the*

*Pine Bush, Inc. v Common Council of City of Albany*, 13 NY3d 297, 304 [2009], quoting *Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 774 [1991]). Here, the individual petitioners, none of whom allege that the site of the proposed mall is visible from their homes, do not live close enough to the site to be afforded a presumption of injury-in-fact based on proximity alone (*see Matter of Finger Lakes Zero Waste Coalition, Inc. v Martens*, 95 AD3d 1420, 1421-1422 [2012]; *Matter of Harris v Town Bd. of Town of Riverhead*, 73 AD3d 922, 924 [2010]; *Matter of East End Prop. Co. #1, LLC v Town Bd. of Town of Brookhaven*, 56 AD3d 773, 777-778 [2008]; *Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590, 595 [2005]). Further, the individual petitioners' allegations are insufficient to demonstrate that the construction of the proposed mall would cause them to suffer an environmental injury different from that of members of the public at large, who use Fairway Drive for access, inter alia, to a golf course (*see Matter of Harris v Town Bd. of Town of Riverhead*, 73 AD3d at 924; *Matter of Shelter Is. Assn. v Zoning Bd. of Appeals of Town of Shelter Is.*, 57 AD3d 907, 908 [2008]; *Matter of Barrett v Dutchess County Legislature*, 38 AD3d 651, 654 [2007]; *Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 761 [2002]). Since the individual petitioners do not have standing, the petitioner Riverhead Neighborhood Preservation Coalition, Inc., also lacks standing (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d at 775; *Matter of Finger Lakes Zero Waste Coalition, Inc. v Martens*, 95 AD3d at 1423; *Matter of Oates v Village of Watkins Glen*, 290 AD2d at 761).

Accordingly, the Supreme Court properly granted that branch of the motion which was, in effect, to dismiss the proceeding, and properly dismissed the proceeding. Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.