In the Matter of NIAGARA MOHAWK POWER CORPORATION, Appellant, v TOWN OF TONAWANDA ASSESSOR et al., Respondents, and KENMORE-TONAWANDA UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION et al., Intervenors-Respondents. [765 NYS2d 547] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered October 28, 2002, which granted respondents' motion to dismiss the petition in this proceeding pursuant to RPTL article 7.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted respondents' motion to dismiss the petition in this proceeding pursuant to RPTL article 7 based upon petitioner's failure to "specify the time and place of the hearing on the petition" in the notice of petition (CPLR 403 [a]). "[T]he filing and service of a notice of petition lacking a return date is 'jurisdictionally defective' " *(Matter of Oates v Village of Watkins Glen*, 290 AD2d 758, 759 [2002], quoting *Matter of Vetrone v Mackin*, 216 AD2d 839, 840 [1995]). Because the proceeding was not properly commenced, the alleged absence of prejudice to respondents is of no consequence *(see Matter of Lamb v Mills*, 296 AD2d 697, 698 [2002], *lv denied* 99 NY2d 501 [2002]; *Oates*, 290 AD2d at 759). We reject petitioner's contention that CPLR 403 (a) does not apply to an RPTL article 7 proceeding. The requirement that a notice of petition include a return date is not inconsistent with the commencement requirements of RPTL 704, and thus CPLR 403 (a) is applicable to the instant proceeding *(see generally* CPLR 101; *Matter of Spodek v New York State Commr. of Taxation & Fin.*, 85 NY2d 760, 765 [1995]). Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.

In the Matter of SAMI MINA, Respondent, v KRISTIN WEBER, Appellant. (Appeal No. 1.) [765 NYS2d 547] —Appeal from an order of Family Court, Monroe County (O'Connor, J.), entered April 19, 2002, which granted the petition to compel the transfer of the parties' child from Calvary Chapel Christian School to the Pittsford Central School System.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Family Court, Monroe County, O'Connor, J. Present—Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.