■ In the Matter of NATIONAL GYPSUM COMPANY, INC., Appellant, v ASSESSOR OF TOWN OF TONAWANDA et al., Respondents, and KENMORE TONAWANDA UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, Intervenor-Respondent. [778 NYS2d 591]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered December 18, 2002 in a proceeding pursuant to RPTL article 7. The order granted the motion of respondents to dismiss the petition on the ground that the court lacks personal jurisdiction over them.

It is hereby ordered that the order so appealed from be and the same hereby is reversed on the law without costs, the motion is denied and the petition is reinstated.

Memorandum: Petitioner sought to commence this tax certiorari proceeding with respect to real property it owned in respondent Town of Tonawanda by filing a notice of petition and petition in the Erie County Clerk's Office pursuant to RPTL 704 and serving them on respondents the same day. The notice of petition stated that the matter would be heard "on September 24[,] 2002, or on such other date as specified by the Court." It is undisputed that the date set forth in the notice of petition was chosen by petitioner's counsel. Once the notice of petition and petition were filed in the Clerk's Office, a justice was assigned and a return date was set by court personnel. After learning of the correct return date, respondents moved to dismiss the petition on the ground that the failure to include the actual time and place of the hearing on the notice of petition, as required by CPLR 403 (a), constitutes a jurisdictional defect.

We conclude that Supreme Court erred in granting the motion and dismissing the petition. The failure to include a return date on a notice of petition is a jurisdictional defect warranting dismissal of the petition in a special proceeding (see CPLR 403 [a]; Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor, 309 AD2d 1251 [2003], lv granted 1 NY3d 507 [2004]). Here, however, petitioner complied with the statute by including an appropriate return date, albeit a date that was changed once a justice was assigned by court personnel, and thus the notice of petition was not jurisdictionally defective (see Siegel, NY Prac § 553, at 913 [3d ed]). Any other interpretation of the statute would be patently unfair to a party attempting to commence such a proceeding. We note that CPLR 304 permits commencement of a special proceeding by filing the petition alone, and we invite the Legislature to consider amending RPTL 704 to permit commencement of a tax certiorari proceeding in the same manner.

All concur except Pine and Scudder, JJ., who dissent and vote to affirm in the following memorandum.

Pine and Scudder, JJ. (dissenting). We respectfully dissent. In our view, respondents' motion to dismiss the petition in this RPTL article 7 proceeding was properly granted "on the ground that [Supreme] Court lacks personal jurisdiction over the Respondents because the Notice of Petition and Petition served on them failed to include the appropriate hearing date and time as required by [CPLR] 403."

On July 16, 2002, petitioner filed and served the petition and notice of petition with a hearing date of September 24, 2002. After a justice was assigned, the hearing date was changed by court personnel to August 28, 2002. Petitioner apparently learned of the actual date when served with respondents' motion to dismiss dated August 20, 2002 and returnable September 26, 2002.

The majority relies on a suggested solution to the practical problems created by CPLR 304 before it was amended in 2001, i.e., that a fictitious but plausible return date avoids the jurisdictional defect found when the return date is left blank (*see* Siegel, NY Prac § 553, at 913 [3d ed]). However, the majority cites no case law adopting that suggested solution. Although CPLR 304 has been amended to dispense with the requirement that the notice of petition be filed in order to commence the proceeding, no parallel change was made to RPTL 704, which governs this proceeding. Even if a fictitious date were to suffice for filing purposes, it would not necessarily follow that service of a petition and notice of petition with a fictitious hearing date would confer personal jurisdiction. Indeed, it has been suggested that "the return date specified in the filed copy of the notice of petition [may need] to be changed to accommodate the judge who is assigned to hear the case. This change, if made prior to service of the notice on the respondent, may require an amendment of the filed copy because of the rule that papers served on the respondent must 'conform in all important respects to the papers filed' " (Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C403:2, at 459, quoting *Matter of Gershel v Porr*, 89 NY2d 327, 332 [1996]).

We conclude that, not only must the notice of petition that is served conform to the one filed (*see Gershel*, 89 NY2d at 332), it must also inform respondents of "the time and place of the hearing on the petition" (CPLR 403 [a]). It cannot be said that service of a notice of petition stating that "an application will be made at a Special Term of the Supreme Court to be held at the ERIE County Courthouse, in BUFFALO, New York, on

September 24[,] 2002, or on such other date *as specified by the Court, at the opening of Court on that day, or as soon thereafter as counsel can be heard"* gave respondents notice that in fact the application was returnable 27 days earlier (emphasis added). It cannot be less of a defect to give notice of a hearing date that in fact is later than the actual hearing date than to give no hearing date at all. Furthermore, we note that the fact that respondents otherwise knew of the actual hearing date is irrelevant.

Although we of course acknowledge that it is difficult to comply with the applicable statute, we cannot agree with the majority that the difficulty justifies ignoring the plain language of the statute (*see e.g. Matter of Oates v Village of Watkins Glen,* 290 AD2d 758, 759-760 [2002]). Unless and until RPTL 704 is amended in the same manner as CPLR 304, there must be compliance with the existing statute. Present—Pigott, Jr., P.J., Pine, Wisner, Scudder and Lawton, JJ.