[830 NE2d 1137, 797 NYS2d 809]

In the Matter of NATIONAL GYPSUM COMPANY, INC., Respondent, v ASSESSOR OF TOWN OF TONAWANDA et al., Appellants, and KENMORE TONAWANDA UNION FREE SCHOOL DISTRICT BOARD OF EDUCATION, Intervenor-Respondent.

Argued April 14, 2005; decided June 7, 2005

## POINTS OF COUNSEL

*Brown & Kelly, LLP,* Buffalo (*Karen Cook Serotte* and *Lisa T. Sofferin* of counsel), for appellants. I. CPLR 403 requires that the notice of petition served on respondent include the time and place of hearing. (*Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760; *Matter of Eagle v La Rose,* 137 Misc 2d 304; *Glikman v Horowitz,* 66 AD2d 814; *Avakian v De Los Santos,* 183 AD2d 687.) II. The failure to include the proper time and place of the hearing on the notice of petition when served is a noncurable jurisdictional defect. (*Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745; *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 309 AD2d 1251, 1 NY3d 507; *Matter of Krenzer v Town of Caledonia Zoning Bd. of Appeals,* 233 AD2d 882; *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 144 AD2d 90; *Matter of Owen v Comstock,* 231 AD2d 898; *Matter of DiBenedetto v Nationwide Assoc.,* 297 AD2d 740; *Matter of Oates v Village of Watkins Glen,* 290 AD2d 758; *Matter of Hawkins v McCall,* 278 AD2d 638; *Matter of Eagle v La Rose,* 137 Misc 2d 304; *Parker v Mack,* 61 NY2d 114.) III. The hearing date is meaningful as respondent's substantive rights may be affected if it fails to appear on the assigned return date. (*Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Matter of Brookview Apts. v Stuhlman,* 278 AD2d 825; *Matter of First Source Fed. Credit Union v Stuhlman,* 275 AD2d 908; *Matter of Deering Realty Corp. v Podeyn,* 18 AD2d 821; *Matter of DHI Mgt. Agency v City of Yonkers,* 67 AD2d 913.) IV. Change, if any, must be done legislatively. (*Ling Ling Yung v County of Nassau,* 77 NY2d 568; *Matter of Oates v Village of Watkins Glen,* 290 AD2d 758.)

*Jerrold F. Janata & Associates, P.C.,* New City (*Henry LaCap*

of counsel), for respondent. I. The notice of petition, on its face, fully complied with the provisions of CPLR 403. II. Existing case law supports the proposition that the notice of petition fully complied with New York law. (*Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 309 AD2d 1251, 1 NY3d 507; *Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760; *Matter of Krenzer v Town of Caledonia Zoning Bd. of Appeals,* 233 AD2d 882; *Matter of Vetrone v Mackin,* 216 AD2d 839; *Travis v New York State Dept. of Envtl. Conservation,* 185 AD2d 714; *Matter of Hawkins v McCall,* 278 AD2d 638; *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 144 AD2d 90; *Matter of Lamb v Mills,* 296 AD2d 697; *Matter of Oates v Village of Watkins Glen,* 290 AD2d 758; *Matter of Owen v Comstock,* 231 AD2d 898.) III. The changing of the return date by the court did not render this proceeding, initially jurisdictionally sound, jurisdictionally defective. (*Matter of Spodek v New York State Commr. of Taxation & Fin.,* 85 NY2d 760.) IV. Real property tax certiorari proceedings and their treatment in the Uniform Rules for Trial Courts support the conclusion that return dates for RPTL article 7 proceedings are not actual dispositive hearing dates. (*W.T. Grant Co. v Srogi,* 52 NY2d 496; *Matter of Great E. Mall v Condon,* 36 NY2d 544; *Matter of Batavia Enters. v Assessor of Town of Batavia,* 72 AD2d 912; *Matter of Sears, Roebuck & Co. v Board of Assessors of Town of Union,* 182 AD2d 970; *Matter of Caldor v Board of Assessors of Town of Colonie,* 142 AD2d 57.)

### OPINION OF THE COURT

G.B. Smith, J.

The issue here is whether the notice of petition in a tax certiorari proceeding pursuant to RPTL article 7 was jurisdictionally defective where petitioner included a return date that was later changed by court personnel. We conclude that it was not.

On July 16, 2002, petitioner sought to commence the instant tax certiorari proceeding in Supreme Court, Erie County when it filed and served a notice of petition and petition on respondents (collectively the Town) seeking a reduction in the tax assessment of its property located in the Town of Tonawanda for the taxable status date May 1, 2002. The notice of petition stated that the matter would be heard in Supreme Court at 9:00 A.M. "on September 24[,] 2002, or on such other date as specified by the Court, at the opening of Court on that day, or as soon thereafter as counsel can be heard." The time and place on the petition were chosen by petitioner's attorney. After the notice of pe-

tition was filed, the Clerk of the Court assigned a return date of August 28, 2002 at 9:30 A.M. before Justice Dillon for the hearing of the petition.[1] On August 20, 2002, eight days before the court-assigned return date, the Town moved to dismiss the instant petition arguing that petitioner failed to obtain personal jurisdiction over the Town because the notice of petition served upon it did not include proper notice of the time and place for the hearing on the petition. Moreover, the Town contended that the inclusion of a "fictitious" hearing date when the notice of petition was filed did not satisfy CPLR 403 (a) and constituted a jurisdictional defect.

Supreme Court agreed with the Town and dismissed the petition. By a 3-2 vote, the Appellate Division reversed and reinstated the petition.[2] The Appellate Division granted leave and certified the following question: "Was the order of this Court, entered June 14, 2004, properly made?" We now answer yes to that question and affirm.

RPTL 700 (2) authorizes the use of special proceedings in tax certiorari matters. RPTL 704 (1) provides, in pertinent part:

> "Any person claiming to be aggrieved by any assessment of real property upon any assessment roll may commence a proceeding under this article by filing a petition . . . in the manner set forth in [CPLR 304] together with a notice in writing of an application for review under this article returnable not less than twenty nor more than ninety days after service of such petition and notice, except that in a city having a population of one million or more, such a proceeding shall be commenced by filing of a petition alone."

---

**1.** According to the Town, it found out about the new return date when it called the Erie County Clerk seeking details regarding the September 2002 return date.

**2.** The dissent in the Appellate Division concluded that the plain language of CPLR 403 (a) requires that the notice of petition include the actual hearing date. It stated, "Even if a fictitious date were to suffice for filing purposes, it would not necessarily follow that service of a petition and notice of petition with a fictitious hearing date would confer personal jurisdiction" (*Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda*, 8 AD3d 953, 955 [4th Dept 2004]). The dissent further concluded, "It cannot be less of a defect to give notice of a hearing date that in fact is later than the actual hearing date than to give no hearing date at all. Furthermore, we note that the fact that [the Town] otherwise knew of the actual hearing date is irrelevant" (*id.* at 956).

CPLR 403 (a) provides that "[a] notice of petition shall specify the time and place of the hearing on the petition and the supporting affidavits, if any, accompanying the petition." A notice of petition must comply with the strict statutory mandates for obtaining personal jurisdiction when served (*see Matter of Mendon Ponds Neighborhood Assn. v Dehm*, 98 NY2d 745 [2002]). The Fourth Department has concluded that failure to include the time and place on a notice of petition in a tax certiorari proceeding is a jurisdictional defect that will warrant dismissal of the tax certiorari petition (*see Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor*, 309 AD2d 1251 [4th Dept 2003], *lv granted* 1 NY3d 507 [2004], *appeal withdrawn* 3 NY3d 635 [2004]).[3]

Relying on *Niagara Mohawk*, the Town claims that the failure to insert the actual time and place is tantamount to not inserting any time and place at all. Here, however, there can be no doubt that petitioner fully complied with CPLR 403 (a) because in its notice of petition, it inserted a time and place for the hearing which conformed with the applicable statutory notice requirements (*see* RPTL 704 [1]).[4] The hearing date fell on a Tuesday during business hours, not on the weekend or a holiday.[5] Under the particular circumstances presented here, we agree with the Appellate Division that the notice of petition is jurisdictionally sound and that the petition should be reinstated. Moreover, we conclude that petitioner has complied with CPLR 403 (a) even though the original return date was changed by court personnel once a Supreme Court Justice was assigned. As the Appellate Division stated, "Any other interpretation of the statute would be patently unfair to a party attempting to commence such a proceeding" (*Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda*, 8 AD3d 953, 954 [4th Dept 2004]; *see also* Siegel, NY Prac § 553, at 912-913 [3d ed]).

---

3. *Contra, Matter of Sears, Roebuck & Co. v Board of Assessors of Town of Union*, 182 AD2d 970 (3d Dept 1992).

4. RPTL 704 (1) provides the statutory notice requirements for the purpose of the instant tax certiorari proceeding. Further, RPTL 704 (1) clearly implies that the petitioner is to select a return date.

5. Professor David D. Siegel, in his treatise, New York Practice, acknowledged the difficulties a petitioner's lawyer may face in setting a return date but concluded that "the best bet is to set a return day satisfactory to statutory notice requirements, even if it appears inevitable that the date selected will be postponed after a judge is assigned" (footnote omitted) (Siegel, NY Prac § 553, at 913 [3d ed]).

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order affirmed, etc.