[848 NE2d 1292, 815 NYS2d 915]

In the Matter of DIANE BALLARD, Appellant, v HSBC BANK USA et al., Respondents.

Argued March 29, 2006; decided May 11, 2006

## POINTS OF COUNSEL

*Offermann, Cassano, Greco, Slisz & Adams, LLP,* Buffalo (*Josephine A. Greco* and *Kevin P. Wicka* of counsel), for appellant. I. The Appellate Division improperly dismissed this matter on the ground of lack of subject matter jurisdiction. (*Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Clarke v Davis,* 277 AD2d 902; *Matter of State Div. of Human Rights v Gillotte,* 41 AD2d 890; *Addesso v Shemtob,* 70 NY2d 689; *Matter of Radich v Council of City of Lackawanna,* 93 AD2d 559; *Deth v Castimore,* 245 App Div 156; *Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda,* 4 NY3d 680.) II. The Appellate Division should not have dismissed the petition upon a motion since there were not exigent circumstances warranting dismissal on motion papers. (*Matter of Association of Bar of City of N.Y.,* 222 App Div 580; *Barkley v New York Cent. & H.R.R. Co.,* 42 App Div 597.)

*Phillips Lytle LLP,* Buffalo (*James R. Grasso* of counsel), for HSBC Bank USA, respondent. I. The Supreme Court lacks subject matter jurisdiction over complaints filed with the New York State Division of Human Rights. (*Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Sohn v Calderon,* 78 NY2d 755; *Thrasher v United States Liab. Ins. Co.,* 19 NY2d 159; *Kagen v Kagen,* 21 NY2d 532; *Matter of Seitz v Drogheo,* 21 NY2d 181; *Marine Midland Bank v New York State Div. of Human Rights,* 75 NY2d 240; *Scopelliti v Town of New Castle,* 210 AD2d 308; *Gad-Tadros v Bessemer Venture Partners,* 326 F Supp 2d 417;

*York v Association of Bar of City of N.Y.,* 286 F3d 122; *Ganthier v North Shore-Long Is. Jewish Health Sys., Inc.,* 345 F Supp 2d 271.) II. The Supreme Court lacks subject matter jurisdiction over this proceeding because petitioner failed to include a return date in her notice of petition. (*Ling Ling Yung v County of Nassau,* 77 NY2d 568; *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 309 AD2d 1251, 1 NY3d 507, 3 NY3d 635; *Lyles v State of New York,* 3 NY3d 396; *Matter of One Beacon Ins. Co./CGU Ins. Co. v Daly,* 7 AD3d 717; *Rodriguez v State of New York,* 307 AD2d 657; *Sangiacomo v County of Albany,* 302 AD2d 769; *Matter of Nationwide Ins. Enter. [Denga],* 302 AD2d 929; *Matter of Oates v Village of Watkins Glen,* 290 AD2d 758; *Matter of Figaro v New York State & Local Retirement Sys.,* 203 AD2d 678, 84 NY2d 801.) III. HSBC Bank USA's filing of a notice of cross petition and cross petition did not confer subject matter jurisdiction on the Supreme Court. (*Matter of Schor v St. Francis Hosp.,* 111 AD2d 852; *Matter of State Div. of Human Rights v Fairway Apts. Corp.,* 39 AD2d 761, 33 NY2d 754; *Matter of Gil v New York State Div. of Human Rights,* 17 AD3d 365; *Grinan v Santaella,* 89 AD2d 866; *Matter of Fry v Village of Tarrytown,* 89 NY2d 714.) IV. Should subject matter jurisdiction exist, the Appellate Division's order should nonetheless be affirmed because petitioner's failure to include a return date in her notice of petition resulted in a lack of personal jurisdiction over HSBC Bank USA and the petition being barred by the statute of limitations. (*Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 309 AD2d 1251; *Matter of Nationwide Ins. Enter. [Denga],* 302 AD2d 929; *Matter of Oates v Village of Watkins Glen,* 290 AD2d 758; *Matter of Gershel v Porr,* 89 NY2d 327; *Matter of Figaro v New York State & Local Retirement Sys.,* 203 AD2d 678.) V. HSBC Bank USA's filing of a notice of cross petition did not confer personal jurisdiction over it. (*Floyd v Salamon Bros.,* 249 AD2d 139, 92 NY2d 816.) VI. HSBC Bank USA did not waive its objection to personal jurisdiction. (*Matter of Fry v Village of Tarrytown,* 89 NY2d 714; *Harris v Niagara Falls Bd. of Educ.,* 6 NY3d 155; *Matter of Schor v St. Francis Hosp.,* 111 AD2d 852; *Cole v Mandell Food Stores,* 93 NY2d 34; *Clemens v Nealon,* 202 AD2d 747; *Matter of Wood v Glass,* 226 AD2d 387; *Morales v County of Nassau,* 94 NY2d 218; *Colbert v International Sec. Bur.,* 79 AD2d 448, 53 NY2d 608; *Matter of Fiedelman v New York State Dept. of Health,* 58 NY2d 80; *Al-Dohan v Kouyoumjian,* 93 AD2d 714.)

**OPINION OF THE COURT**

CIPARICK, J.

The issue before this Court is whether the failure of petitioner Diane Ballard to include a return date in a notice of petition constitutes a nonwaivable jurisdictional defect under Executive Law § 298. We hold that it does not and that respondent HSBC waived its right to challenge the alleged defect.

Following a determination by respondent Edward A. Friedland, Acting Commissioner of the New York State Division of Human Rights, petitioner Diane Ballard filed a petition in Supreme Court on July 23, 2004, seeking review, pursuant to Executive Law § 298, of that part of the order that was adverse to her.[1] Ballard's notice of petition left blank the return date as no justice had yet been assigned to the matter. Copies of the notice of petition and petition were served on respondents along with a letter from petitioner explaining that she would advise respondents of the return date when it was assigned. Two weeks later, on August 4, 2004, after a Supreme Court Justice was assigned to the matter, Ballard sent a letter to the Justice, copying the other parties, stating: "Based upon discussions with your Chambers, we would like to make this matter returnable before you on August 23, 2004, at 9:30 a.m."

The following day, August 5, 2004, respondent HSBC filed a cross petition specifying a return date of September 13, 2004 and stating that "[j]urisdiction is proper pursuant to Executive Law § 298."[2] On August 6, HSBC responded to Ballard's letter of August 4, stating in part:

> "CPLR 403 requires that a notice of petition specify the time and place of the hearing and CPLR 7804 requires that the time be at least 20 days before the return date. As August 23 is less than 20 days from service of your letter the petition cannot be made returnable on that date. Moreover, HSBC's cross-petition is returnable on September 13, 2004, which is the next available return date . . . which is at

---

1. The Commissioner dismissed Ballard's claim that she was discriminated against when she was not promoted between 1985 and 1987 and her claim that she was unlawfully terminated based on retaliation. However, the Commissioner ordered HSBC to pay Ballard $35,000 as compensatory damages for mental anguish and humiliation suffered as a result of race discrimination and $5,000 as a result of disability discrimination.

2. HSBC never answered the petition.

> least 20 days after the notice of cross-petition. . . .
> Accordingly, I request that you adjourn the return
> date of the petition to September 13."

HSBC did not raise an objection based on any alleged jurisdictional defect at that time. It was not until August 18, after the filing of the cross petition, that HSBC moved in Supreme Court to dismiss Ballard's petition for lack of jurisdiction and as barred by the statute of limitations, based on Ballard's failure to include a return date in her notice of petition. Ballard cross-moved for an order extending her time to serve the notice of petition and petition or to deem her prior service good and sufficient. Respondent Friedland served an answer and moved to transfer the matter to the Appellate Division pursuant to Executive Law § 298. The motions and the underlying petitions were then adjourned to October 18, 2004.

In what amounts to an advisory opinion, dated March 25, 2005, Supreme Court found that the court lacked subject matter jurisdiction, opining that based on the language of Executive Law § 298, petitioner's failure to include a return date on the notice of petition "implicates subject matter jurisdiction, not jurisdiction of the parties" (8 Misc 3d 521, 526 [2005]) and transferred the matter to the Appellate Division as required by Executive Law § 298. HSBC then moved before the Appellate Division to dismiss the petition for lack of subject matter jurisdiction and as barred by the statute of limitations. Ballard opposed the motion arguing that the objections sounded of personal jurisdiction and that any such claim was waived. Thereafter, HSBC filed a second motion to dismiss on personal jurisdiction and statute of limitations grounds. The Appellate Division subsequently granted HSBC's motion stating only that the Court lacked subject matter jurisdiction. We granted Ballard's motion for leave to appeal and now reverse the Appellate Division and reinstate the petition.[3]

Executive Law § 298 allows any "complainant, respondent or other person aggrieved by an order of the commissioner" to "obtain judicial review thereof" in a special proceeding "initiated by the filing of a notice of petition and petition" in Supreme Court. Executive Law § 298 further states that:

---

3. It should be noted that in response to Supreme Court's inquiry concerning subject matter jurisdiction HSBC shifted its position and conceded that its notice of cross petition and cross petition were not timely filed and the court was without jurisdiction to hear it. The issue of the viability of the cross petition is not a subject of this appeal.

*"Upon the filing of a notice of petition and petition, the court shall have jurisdiction of the proceeding and of the questions determined therein, except that where the order sought to be reviewed was made as a result of a public hearing . . . the court shall make an order directing that the proceeding be transferred for disposition to the appellate division"* (emphasis added).

CPLR 403 (a) provides that "[a] notice of petition shall specify the time and place of the hearing on the petition and the supporting affidavits, if any, accompanying the petition."

Respondent HSBC argues that because section 298 requires the filing of a notice of petition and section 403 (a) requires that a notice of petition must include a return date, petitioner's failure to specify a return date was a defect in her commencement of the special proceeding implicating subject matter jurisdiction, and the proceeding should be dismissed. HSBC further argues that Executive Law § 298 conditions subject matter jurisdiction "[u]pon the filing of a notice of petition and petition" and such requirement is a condition precedent to the exercise of such jurisdiction.

Petitioner contends that her filing was not defective, and that even if it was, it would constitute only a personal jurisdiction defect as to which HSBC waived its objection. She further contends that such a defect does not undermine the court's authority to hear the case.

"The question of subject matter jurisdiction is a question of judicial power: whether the court has the power, conferred by the Constitution or statute, to entertain the case before it" (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714, 718 [1997]). We have routinely held that technical defects in filings do not fall under the umbrella of subject matter jurisdiction when they do not undermine the constitutional or statutory basis to hear a case (*see Matter of Fry*, 89 NY2d at 718-719; *see generally Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda*, 4 NY3d 680 [2005]; *Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155 [2006]).

Last year, in *National Gypsum Co.*, we held that a notice of petition, in a special proceeding filed under RPTL article 7, was not "jurisdictionally defective" where "petitioner included a return date that was later changed by court personnel"—essentially "a 'fictitious' hearing date" (4 NY3d at 682, 683). We explained that because petitioner could not possibly include an

accurate return date before a judge had been assigned to the action, "[a]ny other interpretation of the statute would be patently unfair to a party attempting to commence such a proceeding" (*id.* at 684). Even more recently, in *Harris*, we held that "a defect in compliance with the commencement-by-filing system does not deprive a court of subject matter jurisdiction and, accordingly, is waived absent a timely objection by the responding party" (6 NY3d at 158, citing *Fry*, 89 NY2d at 718).

■ Here, the competence of the court and its authority to hear the proceeding stem from the language of Executive Law § 298, which conveys subject matter jurisdiction upon the court to hear challenges by aggrieved parties to rulings made by the Commissioner of the State Division of Human Rights on unlawful discrimination claims. Any alleged technical defect as to the date on the notice of petition invokes a claim of improper commencement or personal jurisdiction, at best. This is not a case where a condition precedent implicates subject matter jurisdiction (*cf. Scantlebury v New York City Health & Hosps. Corp.*, 4 NY3d 606 [2005] [notice of intention to commence an action as required by section 7401 (2) of McKinney's Unconsolidated Laws of New York (New York City Health and Hospitals Corporation [HHC] Act [L 1969, ch 1016, § 1, as amended] § 20 [2]) is a condition precedent to a suit against HHC]). Thus, the Appellate Division's dismissal of the proceeding on the ground of lack of subject matter jurisdiction was improper.

■ As to personal jurisdiction, to the extent that petitioner's commencement of the action may have been defective, respondent HSBC waived its right to challenge the defect by actively participating in the proceeding without timely objecting to the defect on personal jurisdiction grounds. Raising no objections to the manner of commencement, HSBC's verified cross petition specifically asserted that "[j]urisdiction is proper." Neither the motion HSBC made in Supreme Court nor the second motion at the Appellate Division cured this defect as HSBC was required to either move to dismiss the petition before filing its cross petition or affirmatively raise the issue in an answer (*see* CPLR 404 [a]).[4] Furthermore, HSBC's initial motion at the Appellate Division did not seek dismissal on personal jurisdiction grounds (*see* CPLR 3211 [e]). As we stated in *Harris*, "defendants and

---

4. Respondent HSBC also answered petitioner's letter setting forth a return date not with a claim that the action should be dismissed, but with a letter seeking an adjournment of that date to conform with the return date of the cross petition.

respondents are warned that if they want to capitalize on technicalities they must mind their own procedures" (6 NY3d at 159, quoting Siegel, NY Prac § 63, at 94 [4th ed]). As respondent failed to timely raise a challenge to personal jurisdiction, that claim was waived and the petition may go forward.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion to dismiss the petition by respondent HSBC denied.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO, READ and R.S. SMITH concur.

Order reversed, etc.