■ In the Matter of ALLSTATE EQUITIES, LLC, Appellant, v TOWN OF NEWBURGH et al., Respondents. [842 NYS2d 66]—

In a proceeding pursuant to RPTL article 7 to review the assessment of the petitioner's real property for tax year 2005/2006, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Dickerson, J.), dated May 11, 2006, which denied its motion to amend the notice of petition in order to specify a return date, granted the respondents' cross motion to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the petition is reinstated, and the matter is remitted to the

Supreme Court, Orange County, for further proceedings on the petition.

The petitioner owned real property which was assessed at a value of $3,556,500 for tax year 2005/2006. The petitioner requested that the Assessor of the Town of Newburgh correct and revise this assessment, and filed a complaint with the Board of Assessment Review of the Town of Newburgh seeking to correct and revise the assessment. The assessment was neither corrected nor revised.

The petitioner sought judicial review of the tax assessment pursuant to RPTL article 7. The notice of petition and petition were served on the Assessor of the Town of Newburgh and the Board of Assessment Review of the Town of Newburgh (hereinafter the respondents) on July 20, 2005. The notice of petition recited that the return date of the petition was to be "on the __ th day of September, 2005 at 9:30 a.m." The respondents, by operation of RPTL 712 (1), were deemed to have denied the allegations of the petition. The parties then engaged in limited discovery.

Nonetheless, by letter dated November 4, 2005, the respondents' attorney advised the petitioner's attorney that the "failure to designate a specific return date in a Notice of Petition is a jurisdictional defect." In response, the petitioner moved on December 7, 2005 to amend the petition so as to specify a return date. The respondents cross-moved to dismiss the proceeding on the grounds that the petition was jurisdictionally defective and did not comply with RPTL 704 and CPLR 403 (a). The Supreme Court denied the petitioner's motion, granted the respondents' cross motion, and dismissed the proceeding, finding that the notice of petition was jurisdictionally defective. We reverse.

Contrary to the respondents' contention, the omission of an exact return date from the notice of petition was not a defect implicating the court's subject matter jurisdiction over the proceeding, but a mere irregularity (*see Matter of Ballard v HSBC Bank USA*, 6 NY3d 658 [2006]; *Matter of Sears, Roebuck & Co. v Board of Assessors of Town of Union*, 182 AD2d 970 [1992]; *cf. Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda*, 4 NY3d 680 [2005]). Such an omission "invokes a claim of improper commencement or personal jurisdiction, at best" (*Matter of Ballard v HSBC Bank USA, supra* at 664). Although the court's jurisdiction over the person of a respondent may be implicated where a notice of petition "fail[s] in its essential purpose of apprising respondent . . . that, at a stated time and place, it must appear to answer the petition" (*Matter of Common Council of City of Gloversville v Town Bd. of*

*Town of Johnstown,* 144 AD2d 90, 92 [1989]), in a tax certiorari proceeding it is not strictly necessary for a respondent to appear to answer the petition, since, in the absence of an answer, the allegations of the petition are deemed denied (*see* RPTL 712 [1]). Thus, under the unique circumstance presented by tax certiorari proceedings, the return date does not have the same function as it has in other types of proceedings. The possibility of the entry of judgment adverse to the assessing authority based on its default in answering the petition is statutorily precluded, thereby mitigating any potential prejudice caused by an erroneous or omitted return date. Accordingly, in this case, the absence of a specific return date in the notice of petition was a mere pleading defect, which could be cured by amending the notice of petition.

Inasmuch as the sole basis for the respondents' cross motion to dismiss the proceeding was the alleged jurisdictional defect in the notice of petition, the cross motion should have been denied. Moreover, the Supreme Court improvidently exercised its discretion in denying the petitioner's motion for leave to amend the notice of petition so as to specify a return date. Accordingly, we reinstate the petition and remit the matter to the Supreme Court, Orange County, for further proceedings on the petition. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur. [*See* 11 Misc 3d 1093(A), 2006 NY Slip Op 50838(U) (2006).]