■ In the Matter of WEBB PROPERTIES, INC., Appellant, v TOWN OF NEWBURGH et al., Respondents. [842 NYS2d 64]—

In a proceeding pursuant to RPTL article 7 to review the assessment of the petitioner's real property for tax year 2005/2006, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Orange County (Dickerson, J.), dated June 16, 2006, which denied its motion to amend its notice of petition so as to specify a return date, granted the respondents' cross motion to dismiss the petition, and dismissed the proceeding.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is granted, the cross motion is denied, the petition is reinstated, and the matter is remitted to the Supreme Court, Orange County, for further proceedings on the petition.

The petitioner owned real property in the Town of Newburgh (hereinafter the property). For the tax year 2005/2006 the property was assessed at a value of $386,800. The petitioner requested that the Assessor of the Town of Newburgh correct and revise the assessment and thereafter filed a complaint with the Board of Assessment Review of the Town of Newburgh alleging that the assessment was unwarranted. The assessment in question was neither corrected nor revised.

The petitioner then sought judicial review of the tax assessment pursuant to RPTL article 7. The notice of petition and petition were served on the Assessor of the Town of Newburgh and the Board of Assessment Review of the Town of Newburgh (hereinafter the respondents) on July 29, 2005. The notice of petition recited that the return date of the petition was to be "on the __ th day of September, 2005 at 9:30 a.m." The respondents, by operation of RPTL 712 (1), were deemed to have denied the allegations of the petition. The respondents thereafter requested copies of proofs of service of the notice of petition and petition upon the County of Orange and the Board of Education of the Newburgh Enlarged School District. The parties then engaged in limited discovery.

Nonetheless, by letter dated November 4, 2005, the respondents' attorney advised the petitioner's attorney that the "failure to designate a specific return date in a Notice of Petition is

a jurisdictional defect." The petitioner moved to amend the notice of petition so as to specify a return date. The respondents cross-moved to dismiss the petition on the grounds that the notice of petition and petition were jurisdictionally defective in that they did not comply with RPTL 704 and CPLR 403 (a). The Supreme Court denied the petitioner's motion, granted the cross motion, and dismissed the petition and the proceeding, finding the notice of petition jurisdictionally defective.

For the reasons set forth in *Matter of Allstate Equities, LLC v Town of Newburgh* (43 AD3d 1044 [2007] [decided herewith]), the omission of an exact return date from the notice of petition in this tax certiorari proceeding was a curable pleading defect. Thus, the respondents' cross motion to dismiss the proceeding on jurisdictional grounds should have been denied, and the petitioner's motion to amend the notice of petition so as to specify a return date should have been granted. Accordingly, we reinstate the petition and remit the matter to the Supreme Court, Orange County, for further proceedings on the petition. Prudenti, P.J., Fisher, Lifson and Angiolillo, JJ., concur.