■ In the Matter of LEONID G. GARTH, Respondent, v BOARD OF ASSESSMENT REVIEW FOR TOWN OF RICHMOND, Appellant. [859 NYS2d 817]—

Appeal from an order of the Supreme Court, Ontario County (John J. Ark, J.), entered April 12, 2007 in a proceeding pursuant to RPTL article 7. The order, insofar as appealed from, denied the motion of respondent to dismiss the petition.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted and the petition is dismissed.

Memorandum: Supreme Court erred in denying respondent's motion to dismiss the petition in this proceeding commenced pursuant to RPTL article 7 based on petitioner's failure to specify the time and place of the hearing on the petition in the notice of petition, as required by CPLR 403 (a) (*see Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor*, 309 AD2d 1251 [2003]). "[T]he filing and service of a notice of petition [in a tax certiorari proceeding] lacking a return date is jurisdictionally defective" (*id.* [internal quotation marks omitted]). Contrary to petitioner's contention, CPLR 304 does not require a different result. We previously "invite[d] the Legislature to consider amending RPTL 704 to permit commencement of a tax certiorari proceeding in the same manner" as that permitted for commencing a special proceeding pursuant to CPLR 304, by filing the petition alone (*Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda*, 8 AD3d 953, 954 [2004], *affd* 4 NY3d 680 [2005]), but the Legislature has not done so. We therefore reverse the order insofar as appealed from, grant respondent's motion and dismiss the petition. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.