Kavanagh, J.
Appeal from an order of the Supreme Court (Hummel, J.), entered January 11, 2007 in Rensselaer County, which, in a proceeding pursuant to RPTL article 7, granted respondents’ motion to dismiss the petition.
Petitioner commenced this RPTL article 7 tax proceeding to review a tax assessment on a parcel of property located in the City of Troy, Rensselaer County. Supreme Court granted respondents’ motion to dismiss the petition, concluding that petitioner’s failure to include a return date on the notice of petition rendered the petition jurisdictionally defective. We disagree and reverse.
*1087 As a special proceeding, a petition filed pursuant to RPTL article 7 must include a notice of petition that “shall specify the time and place of the hearing on the petition and the supporting affidavits, if any, accompanying the petition” (CPLR 403 [a]; see RPTL 704 [1]). Petitioner concedes that the notice of petition filed with the petition failed to contain a return date but, rather, noted that the petition would be returnable “on the_ day of August, 2006.”
Failure to include a return date on a notice of petition filed in connection with a special proceeding does not necessarily divest a court of subject matter jurisdiction, and “[a]ny alleged technical defect as to the date on the notice of petition invokes a claim of improper commencement or personal jurisdiction, at best” (Matter of Ballard v HSBC Bank USA, 6 NY3d 658, 664 [2006]). The failure to include a return date in the notice of petition in a tax certiorari proceeding has been held to be “a mere pleading defect, which could be cured by amending the notice of petition” because, if no answer is filed, the allegations contained in the petition are, as a matter of law, deemed denied (Matter of Allstate Equities, LLC v Town of Newburgh, 43 AD3d 1044, 1045-1046 [2007]; see RPTL 712 [1]; Matter of Webb Props., Inc. v Town of Newburgh, 43 AD3d 1070, 1071 [2007]). The purpose of a return date being placed in a notice of petition is to put the opposing party on notice as to when the petition will be heard and related submissions are to be filed. Given that the allegations contained in the petition will be deemed denied, the return date does not serve the same “ ‘essential purpose’ ” in a tax certiorari petition as it does in other special proceedings and, as such, does not render the petition jurisdictionally defective (Matter of Allstate Equities, LLC v Town of Newburgh, 43 AD3d at 1045, quoting Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown, 144 AD2d 90, 92 [1989]; compare Matter of Lamb v Mills, 296 AD2d 697, 698-699 [2002], lv denied 99 NY2d 501 [2002]).
Moreover, since the filing of the petition may occur before a judge has actually been assigned to the proceeding, it is, as a practical matter, often difficult, if not impossible, at the time of the filing of the petition to designate an accurate return date for the proceeding (see Matter of Ballard v HSBC Bank USA, 6 NY3d at 663-664; see also Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda, 4 NY3d 680, 684 n 5 [2005]). Thus, a notice of petition filed pursuant to RPTL article 7 with a return date chosen by petitioner’s attorney, but later changed by the court to accommodate the court’s schedule, is a valid administrative exercise and not one that renders the petition *1088 jurisdictionally defective (see Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda, 4 NY3d at 682).
In accordance with these principles, and equally mindful that RPTL article 7 proceedings are remedial in nature and, as such, should “be liberally construed in favor of affording judicial review” (Matter of Delaware & Hudson Ry. Co. v McDonald, 126 AD2d 29, 34 [1987], appeal dismissed 70 NY2d 693 [1987]), we conclude that petitioner’s failure to set a return date in the notice of petition was not a defect that deprived Supreme Court of jurisdiction. Accordingly, we reverse the court’s order, reinstate the petition, and grant leave to petitioner to serve an amended notice of petition with a proper return date.
Peters, J.P., Rose, Lahtinen and Stein, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court’s decision.