[918 NE2d 103, 889 NYS2d 513]

In the Matter of LEONID G. GARTH, Appellant, v BOARD OF AS-
SESSMENT REVIEW FOR TOWN OF RICHMOND, Respondent.

Argued September 10, 2009; decided October 15, 2009

**POINTS OF COUNSEL**

*Woods Oviatt Gilman LLP,* Rochester (*Sean T. Hanna* of counsel), for appellant. A blank return date on an RPTL notice of petition is curable. (*W.T. Grant Co. v Srogi,* 52 NY2d 496; *Matter of Batavia Enters. v Assessor of Town of Batavia,* 72 AD2d 912; *Matter of Great E. Mall v Condon,* 36 NY2d 544; *Matter of Caldor, Inc. v Board of Assessors of Town of Colonie,* 142 AD2d 57; *Matter of Sears, Roebuck & Co. v Board of Assessors of Town of Union,* 182 AD2d 970; *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 309 AD2d 1251; *Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda,* 4 NY3d 680; *Matter of Ballard v HSBC Bank USA,* 6 NY3d 658; *Matter of Allstate Equities, LLC v Town of Newburgh,* 43 AD3d 1044; *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 144 AD2d 90.)

*Jones & Morris,* Victor (*Michael A. Jones, Jr.,* of counsel), for respondent. Failure to specify the time of the hearing on a notice of petition for a special proceeding is a jurisdictional defect requiring dismissal. (*Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda,* 8 AD3d 953, 4 NY3d 680; *Matter of Mendon Ponds Neighborhood Assn. v Dehm,* 98 NY2d 745; *Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor,* 309 AD2d 1251, 1 NY3d 507, 3 NY3d 635; *Pennoyer v Neff,* 95 US 714; *Ponsrok v City of Yonkers,* 254 NY 91; *Thomann v City of Rochester,* 256 NY 165; *Parochial Bus Sys. v Board of Educ. of City of N.Y.,* 60 NY2d 539.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

Petitioner pro se commenced this RPTL article 7 tax proceeding to challenge the 2006 assessment of his real property lo-

cated in the Town of Richmond by filing and serving on respondent Board of Assessment Review for the Town of Richmond a petition with a notice of petition that contained no return date. The Board promptly moved to dismiss the petition for lack of personal jurisdiction based upon petitioner's failure to include a hearing date and time as required by CPLR 403 (a). In opposition, petitioner submitted a sworn affidavit in which he stated that the Ontario County Clerk instructed him to "leave the date blank" because of a judicial vacancy that prevented the Clerk from scheduling hearings. In addition, the Clerk informed petitioner that once the Supreme Court Justice vacancy was filled, the return date would be set by the court and notices of the return date would be mailed to the parties. The Town acknowledged that the Clerk subsequently informed it of the scheduled return date.

Supreme Court denied the Board's motion to dismiss. A unanimous panel of the Appellate Division reversed, granted the Board's motion, and dismissed the petition, concluding that "the filing and service of a notice of petition in a tax certiorari proceeding lacking a return date is jurisdictionally defective" (52 AD3d 1261 [2008] [internal quotation marks, citation and brackets omitted]). We granted petitioner's motion for leave to appeal (11 NY3d 712 [2008]) and now reverse.

Pursuant to RPTL 704 (1), a real property owner may commence a special proceeding to challenge a tax assessment by filing a petition along with a notice of petition returnable not less than 20 nor more than 90 days after the service of the petition and notice of petition. CPLR 403 (a) provides that a "notice of petition shall specify the time and place of the hearing on the petition." In practice, it is sometimes difficult for a litigant to set a proper return date prior to service of the petition and notice of petition because the judge—whose calendar preferences normally dictate the choice of the return date—may not yet have been assigned to the case (see Siegel, NY Prac § 553, at 952 [4th ed]). Adding to this practical difficulty is the short, 30-day statute of limitations in RPTL article 7 proceedings (see RPTL 702 [2]). Thus, a petitioner attempting to commence a tax certiorari proceeding may face a procedural dilemma—timely file the petition and notice of petition without knowledge of an actual return date, or wait until the assignment of a judge and return date and risk the expiration of the limitations period.

The existence of these procedural obstacles in tax certiorari proceedings has resulted in a number of cases in which the respondent taxing authority has challenged the notice of petition as jurisdictionally defective for the failure to include an accurate return date (*Matter of Niagara Mohawk Power Corp. v Town of Tonawanda Assessor*, 309 AD2d 1251 [2003], *lv granted* 1 NY3d 507 [2004], *appeal withdrawn* 3 NY3d 635 [2004]; *Matter of Sears, Roebuck & Co. v Board of Assessors of Town of Union*, 182 AD2d 970 [3d Dept 1992]; *Matter of Batavia Enters. v Assessor of Town of Batavia*, 72 AD2d 912 [4th Dept 1979]). We faced the issue in *Matter of National Gypsum Co., Inc. v Assessor of Town of Tonawanda* (4 NY3d 680 [2005]), an RPTL article 7 proceeding where the petitioner's counsel included a return date in compliance with CPLR 403 (a), but court personnel later changed the date. We rejected the respondent's argument that the notice of petition containing this "fictitious hearing date" (4 NY3d at 683 [internal quotation marks omitted]) was jurisdictionally defective, recognizing that an accurate return date could not be chosen before a judge had been assigned to the action. "Any other interpretation of the statute," we concluded, "would be patently unfair to a party attempting to commence such a proceeding" (*id.* at 684 [internal quotation marks and citations omitted]).

We faced a slightly different question in *Matter of Ballard v HSBC Bank USA* (6 NY3d 658 [2006]), a proceeding pursuant to Executive Law § 298[1] where the petitioner left the return date on the notice of petition blank because a Supreme Court Justice had not yet been assigned to the case. We held that the failure to include a return date did not implicate the court's subject matter jurisdiction, but did not expressly pass on whether personal jurisdiction was absent, as the respondent had failed to raise the issue at the first available opportunity, thereby waiving that defense (6 NY3d at 664). Here, however, where the Board did timely interpose this defense, the issue is squarely presented for our review.

It is settled that personal jurisdiction may be absent where a party improperly commences a proceeding or action (*Matter of Fry v Village of Tarrytown*, 89 NY2d 714 [1997]; *see Ballard*, 6 NY3d at 664). Not all defects in the commencement process,

---

**1.** Although *Ballard* did not involve a tax certiorari proceeding, its analysis is relevant inasmuch as an Executive Law § 298 proceeding is commenced, in the same manner as an RPTL article 7 proceeding, by "the filing of a notice of petition and petition" in Supreme Court.

however, result in a loss of personal jurisdiction. Our decision in *Matter of Great E. Mall v Condon* (36 NY2d 544 [1975]) is instructive. There, the petitioners in the RPTL article 7 proceedings named only one of the Town's three assessors, thereby failing to comply with RPTL 704 (2), which requires the proceeding to be commenced against "the assessors either by naming them individually or by using the official name of the assessing unit." Taking into account the "dual legal concepts that mere technical defects in pleadings should not defeat otherwise meritorious claims, and that substance should be preferred over form" (36 NY2d at 548), this Court held that the petitioners' failure to comply with the technical pleading requirement of RPTL 704 (2) did not render the petitions jurisdictionally defective. Notably, the technical defect in *Great E. Mall* was the absence of statutorily mandated information from the petition, a document that must be filed to commence the proceeding. Likewise, the defect here was the omission of information required in the notice of petition, a document essential to the commencement of a tax certiorari proceeding.

Critical to the analysis in *Great E. Mall* was our long-standing view that the law regarding real property assessment proceedings is "remedial in character and should be liberally construed to the end that the taxpayer's right to have his assessment reviewed should not be defeated by a technicality" (36 NY2d at 548 [internal quotation marks omitted], quoting *People ex rel. New York City Omnibus Corp. v Miller*, 282 NY 5, 9 [1939]). Our consideration was also informed by the circumstance that the respondent had failed to demonstrate any prejudice resulting from the pleading infirmity (*see id.* at 549). Specifically, we noted that the purpose of the petition in a special proceeding—to advise the respondent of the commencement of the action—had been met by service of the petition on one, but not all, of the assessors. Accordingly, we disregarded the technical defect and denied the respondents' motion to dismiss the petition.

Similar to the respondents in *Great E. Mall*, the Board here has failed to allege any prejudice that resulted from the failure to include a return date in the notice of petition. The return date undoubtedly serves a necessary purpose in special proceedings—to put the respondent on notice as to the date before which the responsive papers should be served. This concern, however, is not so compelling in RPTL article 7 proceedings where the allegations contained in the petition are deemed denied if the respondent fails to timely serve an answer (*see*

RPTL 712 [1]), thereby precluding entry of a judgment against the respondent in the case of a default. Thus, in the context of a tax certiorari proceeding, we are hard-pressed to see how the assessing authority will suffer any prejudice as a result of the failure to include a return date. Indeed, the notice of petition in *National Gypsum,* which contained an admittedly fabricated but plausible return date, failed to advise the respondent of the time and place of the hearing. In that regard, it was no more useful or informative than the notice of petition here, which omitted a return date. It would be incongruous for us to approve of a fictitious return date yet condemn an absent one.

We therefore conclude that personal jurisdiction is not lacking in an RPTL article 7 proceeding where the petitioner omits the return date from the notice of petition. This conclusion is entirely consistent with the view in *Great E. Mall* that mere technical irregularities in the commencement process should be disregarded if a substantial right of a party is not prejudiced. Further, it is a natural extension of *National Gypsum,* which, in recognition of the practical difficulties that arise when commencing these types of proceedings, forgave the pleading infirmity. To require strict compliance with CPLR 403 (a) in this context would mean that, under certain circumstances, petitioners would be foreclosed from judicial review of their tax assessments through no fault of their own. We find that approach unduly harsh and contrary to our historically liberal construction of pleading and procedure in tax certiorari proceedings.[2] While our conclusion applies in RPTL article 7 proceedings where petitioner is unable to designate a return date, we have no occasion to address the rules applicable to other types of special proceedings.

Accordingly, the order of the Appellate Division should be reversed, with costs, and the motion to dismiss denied.

Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order reversed, etc.

___

2. In the future, it would be advisable for petitioners to serve an amended notice of petition once the court sets the return date.